# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

DERRICK LEE CARDELLO-SMITH,

                  Plaintiff,

       v.

SEAN COMBS,

                  Defendant.

Case No. 2:24-cv-12647

Hon. Judith Levy

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND [ECF Nos. 4, 12]

## STATEMENT OF THE ISSUE PRESENTED

Has Plaintiff identified any valid basis to remand this case to the Circuit Court

for the County of Lenawee?

Defendant's Answer: No.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

28 U.S.C. § 1441

28 U.S.C. § 1446

28 U.S.C. § 1332

Mich. Ct. R. 2.105

## <u>INTRODUCTION AND STATEMENT OF FACTS</u>

This is a frivolous lawsuit by an incarcerated serial *pro se* litigant who claims he is entitled to *hundreds of millions of dollars* from a prominent music mogul.[1] Even accepting Plaintiff's ludicrous allegations as true, this action is properly before this Court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1446(b)(1): Mr. Combs timely removed, there is complete diversity of the parties, and the amount in controversy far exceeds $75,000.

Plaintiff originally filed this action in the Circuit Court for the County of Lenawee, Michigan (the "State Court"). Plaintiff *never* served Defendant with the summons and complaint pursuant to *any* Michigan Court Rule. Notwithstanding his failure to serve and failure to demonstrate any of the requisite elements for injunctive relief, Plaintiff sought (and, prior to Defendant's appearance, temporarily obtained) a preliminary injunction from the State Court, barring Defendant from transferring

---

[1] Plaintiff initially sought $100,000,000 in damages. After this case was removed to federal court, Plaintiff claimed damages of $400,000,000. *See* ECF No. 7, PageID.614.

Plaintiff has a long history of filing frivolous *pro se* lawsuits. *See Cardello-Smith v. Google LLC*, 2021 WL 4894700 at *1 (E.D. Mich., Oct. 20, 2021) (dismissing complaint and noting that Cardello-Smith "has at least four prior civil rights complaints that were dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted." (collecting cases)). As Judge David Lawson explained, Cardello-Smith "has been denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the 'three-strikes' rule, because of these frivolity dismissals." *Id.* (citations omitted).

a property he owned in Los Angeles. (Preliminary Injunction, ECF No. 1, PageID.56.) Plaintiff also sought (and, prior to Defendant's knowledge of this lawsuit, temporarily obtained) on September 9, 2024, a default judgment from the State Court in the amount of "$100,000,000,310.40" (despite proffering no evidence of damages). (State Court Default Judgment, ECF No. 1, PageID.139.) Defendant did not learn of the State Court action until September 9, 2024, when national media outlets reported on the entry of the default judgment. (Combs Affidavit, ECF No. 1, PageID.199 at ¶ 3.)

Immediately after Defendant learned of the State Court action, he retained the undersigned counsel and, on September 12, 2024, moved to dissolve the preliminary injunction and set aside the default judgment. (Defendant's Emergency Motion to Set Aside Default and Default Judgment, ECF No. 1, PageID.141-223; Defendant's Motion to Dissolve Temporary Restraining Order and/or Preliminary Injunction, ECF No. 1, PageID.235-306.) Following State Court hearings on Defendant's motions, the State Court held, on September 18, 2024, that "proper service [of the summons and complaint] was not made under MCR 2.105(A)(2)." (Tr. of September 18, 2024 Hrg., ECF No. 1, PageID.547.) On the same day, the State Court granted Defendant's Emergency Motion to Set Aside Default and Default Judgment and Defendant's Motion to Dissolve Temporary Restraining Order and/or Preliminary Injunction. (Order Granting Defendant's Motions, ECF 1, PageID.486-488.)

On October 7, 2024, Defendant filed a Notice of Removal. (ECF No. 1.) As set forth in the Notice of Removal, this Court has jurisdiction of this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties and the amount in controversy exceeds $75,000. (*Id*. at ¶ 4.) The Notice of Removal was filed 28 days after Defendant learned of the State Court action on September 9, 2024. (*Id*. at ¶ 12.)

On October 17, 2024, Plaintiff filed a "Motion to Remand Case Back to the Lenawee County Circuity Based on Defendants Failure to File a Timely Notice of Removal within the 30 Days Required by 28 U.S.C § 1332(a)(1)." (ECF No. 4.) On October 21, 2024, Plaintiff filed a "Motion to Transfer Case Back to the Jurisdiction of the 39th Circuit Court for Lenawee County." (ECF No. 12.) (The October 17 and October 21 motions are collectively referred to as the "Motions to Remand").  These motions are meritless, and the Court should deny them.

## ARGUMENT

### I.   Legal Standard

Motions to remand are governed by 28 U.S.C. § 1447(c).  Section 1447(c) provides, in relevant part, that a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)."  Under 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days

after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(b)(1). This "strict time limit for removal in civil cases is not jurisdictional; rather, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness has not been waived." *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993).  Notwithstanding Section 1446(b)(1)'s language that the thirty-day timeline begins when a defendant receives the pleading "through service or *otherwise*," the clock on removal does "not commence until [the defendant is] properly served"—constructive or actual knowledge alone is insufficient.  *Sutton v. Mountain High Investments, LLC et al.*, Case No. 20-cv-11656, 2021 WL 859046, at *6 (E.D. Mich. Mar. 8, 2021); *see also Wheeler v. Federal Nat'l Mortg. Ass'n*, No. 12-13685, 2013 WL 449918, at *3 (E.D. Mich. Jan. 4, 2013); *Wallace v. Interpublic Grp. of Companies, Inc.*, No. 09-11510, 2009 WL 1856543, at *2 (E.D. Mich. June 29, 2009).

## II.   The Notice of Removal was Timely Filed.

Defendant satisfied the removal requirements set forth in 28 U.S.C. § 1446(b)(1).  Because Plaintiff never properly served Defendant (and indeed, to date, still has not served him), the 30-day clock for removal never began to tick.  Even if that clock began running when Defendant had actual knowledge of the Complaint,

removal would still be timely because Defendant removed within thirty days of that date.

Plaintiff argues in his Motions to Remand that Defendant's Notice of Removal was untimely because Plaintiff effected service of the summons and complaint on July 6, 2024. The State Court ruled that "proper service was not made under MCR 2.105(A)(2)" (Transcript of September 18, 2024 Hearing, ECF No. 1, PageID.547). Notwithstanding the State Court's ruling, Plaintiff claims the State Court erred in failing to consider the validity of service pursuant to Michigan Court Rule 2.105(B)(1)(b). Plaintiff's argument is misplaced in his motion to remand, but, in any event, if fails on the merits.  Looking at the Rule in its entirety—rather than isolating the subsection Plaintiff has cherrypicked—plainly establishes that Plaintiff failed to serve Defendant, as the State Court held. The Rule states:

> (B) Individuals; Substituted Service. Service of process may be made
>> (1) on a nonresident individual, by
>>> (a) serving a summons and a copy of the complaint in Michigan on an agent, employee, representative, sales representative, or servant of the defendant, **and**
>>> (b) sending a summons and a copy of the complaint by registered mail addressed to the defendant at his or her last known address;

Mich. Ct. R. 2.105(B)(1) (emphasis added). To satisfy the service requirements set forth in Rule 2.105(B)(1), a party must comply with both subsection (a) and subsection (b). Plaintiff does not (and cannot) claim that he complied with Michigan

Court Rule 2.105(B)(1)(a), which requires service of the summons and complaint *in Michigan* on an agent, employee, representative, sales representative, or servant of Defendant. Nothing in the record even suggests that Plaintiff served any person in Michigan, let alone a person authorized to accept service on behalf of Mr. Combs. Unsurprisingly, Plaintiff simply ignores this requirement. Because substituted service under Michigan Court Rule 2.105(B)(1) requires compliance with both subrules (a) **and** (b), Plaintiff clearly did not serve Defendant under that rule (or any other potentially applicable rule).[2]

Because Plaintiff never properly served Defendant, the 30-day timeline for removal set forth in Section 1446(b) never started (let alone ran). *See Sutton*, 2021 WL 859046, at *6; *Wheeler*, 2013 WL 449918, at *3; *Wallace*, 2009 WL 1856543,

---

[2] Plaintiff also failed to comply with Mich. Ct. R. 2.105(B)(1)(b). Even accepting Plaintiff's representations as true, the summons and complaint were mailed to an address in California which was not Mr. Combs' primary or "last known residence." (Combs Affidavit, ECF No. 1, PageID.199 at ¶ 12.)

Notably, though Plaintiff now contends (erroneously) that he accomplished service pursuant to Michigan Court Rule 2.105(B)(1)(b) and so was not required to restrict delivery to addressee, when he filed his doctored proof of service with the State Court, he made clear that he was attempting to demonstrate service pursuant to Michigan Court Rule 2.105(A)(2) (which requires restricted delivery): indeed, he handwrote on his submission of the purported proof of service "**See attached Return Receipt Restricted Delivery to Defendant.**" *See* ECF No. 1, PageID.42. As set forth in Defendant's pending motion to dismiss, ECF No. 2, and as Plaintiff now concedes, delivery was not restricted to Mr. Combs.

6

at *2.  As a result, Defendant had no deadline by which he had to remove this action. Even if the thirty-day timeline commenced on the date that Defendant received actual or constructive knowledge of the pleadings, removal would be timely. Defendant first learned of the Complaint on September 9, 2024 (Combs Affidavit, ECF No. 1, PageID.199 at ¶ 3), and he filed the Notice of Removal less than thirty days later on October 7, 2024 (ECF No. 1).

For these reasons, the Notice of Removal was filed timely under 28 U.S.C. § 1446(b)(1) and remand is not warranted.

## III.   This Court Has Subject Matter Jurisdiction of this Action.

This action satisfies the requirements of diversity jurisdiction. Plaintiff does not (and could not) argue otherwise. Under 28 U.S.C. § 1332(a)(1), a district court has original jurisdiction civil action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where there is complete diversity of citizenship between the parties. First, the amount in controversy indisputably exceeds $75,000. In his Complaint, Plaintiff seeks damages in the amount of "$100,000,000 (ONE HUNDRED-MILLION DOLLARS)." (ECF No. 1, PageID.12.) In a subsequent filing in this Court, Plaintiff sought to increase his demand to $400,000,000. (ECF No. 7, PageID.614.) Second, there is complete diversity between the parties. At the time the State Court action was filed, Defendant was a resident of Miami, Florida. (Combs Affidavit, ECF No. 1, PageID.199 at ¶

7

12.) Defendant is presently detained at the Metropolitan Detention Center in Brooklyn, New York. Plaintiff is a resident of Michigan and is presently incarcerated at the Ernest C. Brooks Correctional Facility in Muskegon, Michigan. (*See* Complaint, ECF No. 1, PageID.15.)[3]  Because Plaintiff and Defendant are residents of different states, diversity is complete.  Both requirements of Section 1332(a)(1) are satisfied, thus, the Court has subject matter jurisdiction of the instant action.

## CONCLUSION

For the foregoing reasons, Defendant asks that the Court deny the Motions to Remand in their entirety.

Dated:  October 31, 2024

Respectfully submitted,

**FINK BRESSACK**

By:    /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)
Calder A.L. Burgam (P87203)
*Counsel for Defendant*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com
cburgam@finkbressack.com

---

[3] *See also* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=267009.

**SHER TREMONTE**

Erica A. Wolff (application for
admission forthcoming)
*Counsel for Defendant*
90 Broad St., 23rd Floor
New York, NY 10004
Tel.: (212) 202-2600
ewolff@shertremonte.com

9