UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DERRICK LEE CARDELLO-SMITH,

        Plaintiff,

v.

SEAN COMBS,

        Defendant.

Case No. 2:24-cv-12647

Hon. Judith Levy

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS [ECF No. 16]**

## STATEMENT OF THE ISSUES PRESENTED

1. Whether Plaintiff's request for an additional 90 days to respond to Defendant's Motion to Dismiss should be denied, where Plaintiff's baseless claims are plainly subject to dismissal and there is no good cause for an extension.

Defendant's Answer: Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

Fed. R. Civ. P. 6(b)

### **INTRODUCTION**

This is a frivolous lawsuit filed by an incarcerated serial *pro se* litigant against a well-known entertainer and businessman. The allegations in Plaintiff's Complaint are obvious fabrications. However, even if every word in Plaintiff's Complaint is taken as true, his claim is still subject to dismissal. Plaintiff alleges that Defendant assaulted Plaintiff on June 14, 1997. (Complaint, ECF No. 1, PageID.13 at ¶ 1.) The statute of limitations ran on Plaintiff's claim more than twenty years before the Complaint was filed. Plaintiff's request for an additional 90 days to respond to the Motion to Dismiss (ECF No. 16) should be denied, because the statute of limitations has run and there is no legitimate basis on which Plaintiff could oppose dismissal of his frivolous claim. Plaintiff's Complaint should never have been filed and it should be dismissed without delay.

**I.  Plaintiff's Complaint is Plainly Subject to Dismissal.**

As argued in Defendant's Motion to Dismiss [ECF No. 2], Plaintiff's claim must be dismissed because the statute of limitations has run. Plaintiff alleges that he was assaulted on June 14, 1997 and that he "contacted the Police about it" immediately afterward. (Complaint, ECF No. 1, PageID.13-14 at ¶¶ 1, 10.) Plaintiff's claim was subject to a three-year statute of limitations. Mich. Comp. Laws § 600.5805(2). Even assuming Plaintiff's incoherent, facially implausible allegations are true (they are not), Plaintiff was required to assert his claim no later

than June 14, 2000. Instead, Plaintiff waited nearly twenty-seven years from the date of the alleged incident before filing this action on June 10, 2024.

## II. Plaintiff Has Not Identified Good Cause for an Extension of Time.

Under Federal Rule of Civil Procedure 6(b)(1) a court may, for good cause, extend the time for a party to act. Plaintiff's Motion should be denied because he has failed to identify any good cause for the requested extension. Plaintiff claims that the additional time is warranted because he "has been given New Witness Affidavits that attack the very core of the Statute Of Limitations [defense]." (ECF No. 16, PageID.645.) Given Plaintiff's habit of presenting blatantly falsified documents in support of his dubious claims, what Plaintiff is really saying is that he requires additional time to forge more documents or suborn further perjury from his cell mates.[1] Moreover, Plaintiff does not indicate in his Motion how these "new witness affidavits" might save his claims from dismissal. Nor is it apparent how any new affidavit (even if credible) could save Plaintiff's claim. Plaintiff was aware of his alleged injury in 1997, yet he did not file until 2024. Regardless of the "facts" he

---

[1] For example, Plaintiff filed in the State Court action so-called "Multiple Persons Agreement to Silence and Confidentiality" and "Agreement of 2 Persons to Confidentiality and Silence," both of which purport to have been signed by then-Detroit Recorder's Court Judge Kym Worthy. (ECF No. 1, PageID.113-124; ECF No. 1, PageID.179-182.) Ms. Worthy has sworn, however, that she has never met either of the parties to this action and did not sign any of the purported agreements submitted by Plaintiff. (ECF No. 1, PageID.390-391.)

2

might set forth in a new affidavit, Plaintiff's claims have been time-barred for decades.

None of the other miscellaneous grounds for an extension identified by Plaintiff are persuasive. That Plaintiff's ability to respond to the Motion to Dismiss is constrained by his incarceration might support an extension in other circumstances. However, as explained above, there is no plausible basis on which Plaintiff might avoid dismissal of his stale claims. Plaintiff also argues that removal to this Court was untimely. However, as explained in Defendant's Response to Plaintiff's Motions to Remand (ECF No. 20), the State Court correctly held that Plaintiff did not properly serve Defendant. Plaintiff also makes a vague (and utterly fabricated) claim regarding "terrible acts" that "the Defendants have done" to "block the Plaintiff from timely getting his Motions for Reconsideration Heard and Docketed[.]" (ECF No. 16, PageID.645.) But he does not explain what these supposed "terrible acts" were (because there were no such acts), or, if they did occur, how they have any relevance to his request for an extension of time to Respond to Defendant's Motion to Dismiss.

## **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for an Extension of Time should be denied in its entirety.

3

Dated:  November 5, 2024

Respectfully submitted,

**FINK BRESSACK**

By:   /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)
Calder A.L. Burgam (P87203)
*Attorneys for Defendant*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com
cburgam@finkbressack.com


**SHER TREMONTE**

Erica A. Wolff (application for admission forthcoming)
*Counsel for Defendant*
90 Broad St., 23rd Floor
New York, NY 10004
Tel.: (212) 202-2600
ewolff@shertremonte.com