UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Derrick Lee Cardello-Smith,

               Plaintiff,        Case No. 24-12647

v.                                    Judith E. Levy
                                     United States District Judge

Sean Combs,

                                     Mag. Judge Kimberly G. Altman

               Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS TO REMAND [4, 9, 12, 22, 29, 31]**

Before the Court are *pro se* Plaintiff Derrick Lee Cardello-Smith's requests to remand this case to Michigan state court. On or about June 10, 2024, Plaintiff filed this action against Defendant Sean Combs in the Lenawee County Circuit Court. (*See* ECF No. 1, PageID.10–14.) On October 7, 2024, Defendant removed the case to this Court. (*Id*. at PageID.1–5.) Plaintiff timely filed an initial motion to remand (ECF No. 4) on October 17, 2024, and then filed various other requests to remand the case to state court (together, "Motions to Remand"). (ECF Nos. 9, 12,

22, 29, 31.) On October 31, 2024, the Defendant filed its Response in Opposition to Plaintiff's Motions to Remand.[1] (ECF No. 20.)

Plaintiff argues that the case should be remanded because Defendant Sean Comb's Notice of Removal is untimely, as it was made more than 30 days after service. (ECF No. 4, PageID.607.) Defendant responds that its Notice of Removal is timely, since Plaintiff did not properly serve Defendant when he mailed the initial complaint, so "the 30-day clock for removal never began to tick." (ECF No. 20, PageID.665.) At issue is whether Plaintiff properly served Defendant and thus whether Defendant's Notice of Removal was timely.

For the reasons set forth below, the Court finds that Plaintiff did not properly serve Defendant, and the Court declines to remand the case.

I. **Background**

Plaintiff alleges that he properly served Defendant on July 6, 2024, by mailing the summons and a copy of the Complaint to Defendant's address. (ECF No. 22, PageID.673; ECF No. 4, PageID.607.) At a hearing

---

[1] In his response, Defendant referenced only two of Plaintiff's Motions to Remand: ECF Nos. 4 and 12. (ECF No. 20.) After Defendant filed his response, Plaintiff filed three more requests to remand. (*See* ECF Nos. 22, 29, 31.) The Court reviewed all Motions to Remand.

2

on September 24, 2024, the state court found that "proper service was not made under MCR 2.105(A)(2)." (ECF No. 1, PageID.547.) In his motions to remand, Plaintiff argues that even if he did not properly serve Defendant pursuant to Michigan Court Rule 2.105(A)(2), he properly served Defendant pursuant to Michigan Court Rule 2.105(B)(1). (ECF No. 22, PageID.673.) Thus, Plaintiff maintains that Defendant's Notice of Removal is untimely because it was filed on October 7, 2024, which is more than 30 days after service was allegedly effectuated on July 6, 2024. (*Id.*)

## II. Legal Standard

Motions to remand are governed by 28 U.S.C. § 1447(c). A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under 1446(a)." 28 U.S.C. § 1447(c).

Section 1446(b)(1) governs the notice of removal. A defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The 30-day deadline does "not commence until [the

defendant is] properly served." *Sutton v. Mountain High Invs., LLC*, No. 20-11656, 2021 WL 859046, at *6 (E.D. Mich. Mar. 8, 2021), *aff'd* No. 21-1346, 2022 WL 1090926 (6th Cir. Mar. 1, 2022); *see also Wallace v. Interpublic Grp. of Cos.*, No. 09-11510, 2009 WL 1856543, at *2 (E.D. Mich. June 29, 2009).

### III. Analysis

Plaintiff argues that the case should be remanded because Defendant Sean Comb's Notice of Removal is untimely, as it was made more than 30 days after service. (ECF No. 4, PageID.607.) He states that he properly served Defendant pursuant to Michigan Court Rule 2.105(B)(1). (ECF No. 22, PageID.673.)

Michigan Court Rule 2.105 governs the effectuation of service. Michigan Court Rule 2.105(B) provides in relevant part that Plaintiff can serve a non-resident individual by:

> (a) serving a summons and a copy of the complaint in Michigan on an agent, employee, representative, sales representative, or servant of the defendant, and

> (b) sending a summons and a copy of the complaint by registered mail addressed to the defendant at his or her last known address[.]

4

Mich. Ct. R. 2.105(B)(1). Plaintiff must fulfill both requirements. *Id.; see also AFT Michigan v. Project Veritas,* No. 17-13292, 2017 WL 6032550, at *2 (E.D. Mich. Dec. 6, 2017) (finding no proper service pursuant to Mich. Ct. R. 2.105(B)(1) where the plaintiff satisfied subsection (b) but not subsection (a)).

Plaintiff failed to properly serve Defendant under Michigan law. Plaintiff alleges that he satisfied Michigan Court Rule 2.105(B)(1) on July 6, 2024, by mailing the summons and a copy of the complaint to Defendant's address. (ECF No. 22, PageID.673.) However, Plaintiff ignores subpart (a), which required him to "serv[e] a summons and a copy of the complaint in Michigan on an agent, employee, representative, sales representative, or servant of the defendant." Mich. Ct. R. 2.105(B)(1)(a). As Defendant notes in his response, "Plaintiff does not (and cannot) claim that he complied with Michigan Court Rule 2.105(B)(1)(a)." (ECF No. 20, PageID.666–667.) Because Plaintiff fails to satisfy the first requirement of Michigan Court Rule 2.105(B)(1), he did not properly serve Defendant on July 6, 2024.[2]

---

[2] Defendant also argues that Plaintiff did not fulfill subsection (b) because the mailing was sent to California, which was not Defendant's primary or last known

Additionally, since Defendant was never properly served,[3] Defendant's Notice of Removal is timely. The 30-day deadline to remove an action to federal court only commences when the defendant is properly served with the initial pleading. *See* 28 U.S.C. § 1446(b)(1); *see also Sutton*, 2021 WL 859046, at *6. To date, Plaintiff has still not properly served Defendant because the July 6, 2024, mailing was not proper under Mich. Ct. R. 2.105, and Plaintiff alleges no other attempt to serve Defendant. Therefore, Defendant's Notice of Removal is within the 30-day deadline established by 28 U.S.C. § 1446(b)(1). Therefore, his motions must be denied.[4]

---

address. (*Id.*) However, the Court does not need to reach this issue because Plaintiff cannot satisfy subsection (a).

[3] "[E]ven if Defendant had actual notice of the suit, the thirty-day time limit would not commence until the Defendant was formally served with the summons and complaint." *Wallace*, 2009 WL 1856543, at *2.

[4] Alternatively, Plaintiff argues that this case was appealed to the Michigan Court of Appeals before Defendant filed the notice of removal in Lenawee County Circuit Court, and therefore, Plaintiff alleges that the state courts still have jurisdiction. Under Michigan Court Rule 1.112, which is the state's prison mailbox rule, Plaintiff filed his appeal to the Michigan Court of Appeals on October 3, 2024, by handing it to prison officials to mail. (ECF No. 29, PageID.694.) Defendant filed the notice of removal in Lenawee County Circuit Court on October 7, 2024, which is four days later. (ECF No. 1, PageID.1.) However, this distinction is irrelevant. Pursuant to 28 U.S.C. § 1446(d), removal is effected when the state court receives the notice of removal. Defendant has given notice of removal in both state courts: Lenawee County Circuit Court and the Michigan Court of Appeals. Even if the Court of Appeals had jurisdiction over the case as of October 3, 2024, Defendant sent the

Case 5:24-cv-12647-JEL-KGA ECF No. 35, PageID.741 Filed 11/15/24 Page 7 of 7

## IV. Conclusion

For the reasons set forth above, Plaintiff's Motions to Remand (ECF Nos. 4, 9, 12, 22, 29, 31) are DENIED.

IT IS SO ORDERED.

Dated: November 15, 2024      s/Judith E. Levy
   Ann Arbor, Michigan        JUDITH E. LEVY
                                        United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 15, 2024.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager

---

notice of removal to the Court of Appeals by November 7, 2024, so the case is now properly before this court. Moreover, even if an appeal in state court is pending, a notice of removal is valid, and the district court gains jurisdiction when the removal is properly filed. *See Ward v. Resol. Tr. Corp.*, 972 F.2d 196, 198 (8th Cir. 1992).