UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION



DERRICK LEE CARDELLO-SMITH,#267009,

   Plaintiff,

Vs

                    FILED

              CLERK'S OFFICE       Case no 2:24-cv-12647

              DEC 0 9 2024

SEAN COMBS,           U.S DISTRICT COURT      Hon. Judith Levy

   Defendant,        EASTERN MICHIGAN

_____/

**PERMISSION TO FILE AN INTERLOCUTORY APPEAL**

**TO THE UNITED STATES COURT OF APPEALS FOR THE**

**SIXTH CIRCUIT TO DETERMINE THE ISSUE OF THE**

**NOTICE OF REMOVAL BEING PROPER OR IMPROPER**

**BEFORE THIS COURT AND NOT THE STATE COURTS**

   Now comes the Plaintiff, Derrick Lee Cardello-Smith and in the above cause hereby moving this Court to grant permission to the Plaintiff to file an Interlocutory Appeal to the United States Court of Appeals for the Sixth Circuit for that Court to render a Decision on the Issue of Whether the Case being in this Court after it was removed from the State Court is in fact Proper or Improper or whether it should have remained in the State Court based on the Grounds to be articulated within the accompanying Brief in Support and the Appeal to be presented to the Court of Appeals and Plaintiff states that the Court can effect this Move and it will in no way prejudice the Defendant, but it will in fact Prejudice this Plaintiff if it is not allowed to proceed and be answered by the Court of Appeals on this matter as that the issues are very important and must be addressed by the Court of Appeals before any further action can be taken on this case.

   Thank you for your time in this Matter.

1.

12-2-24

Mr. Derrick Lee Cardello-Smith
#267009
Plaintiff in Pro Per
E.C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon, MI 49444

## BRIEF IN SUPPORT

Plaintiff states that this Jurisdiction of this Court will lead this Plaintiff to be deprived of Justice that has been afforded to him through the Trial Court and then stripped of him by the Defendants and their Illegal Unlawfully Done Removal to the Federal Court and this Courts Denial of the Remand and this Courts Claim that the Michigan Court of Appeals Jurisdiction and Plaintiffs claims of Personal Injury, Rape by the Defendant, and Cover-up by other officials involved in this matter, will in fact create an opportunity for the Defendant to avoid his responsibility of his Rape of this Plaintiff.

Plaintiff believes that this Courts rulings thus far have been an incorrect and inappropriate application of State Court Rule and The Federal statute allowing the Federal court to claim jurisdiction and most importantly, the District Courts statement that the Plaintiffs Objections are 'Irrelevant' is clearly an abuse of the District Courts Discretion and demonstrates that this Court has a clear intention of Denying this Plaintiffs the Judgement to which this Plaintiff is entitled to and allow the Defendant to Get Away with Raping this Plaintiff.

Plaintiff States that the Defendant has maintained a Residence in Michigan and the Affidavits of those On record from George Preston and Kathryn Preston, support this Claim and this matter go directly to the heart of the complaint and judgement that this plaintiff was granted in the trial court.

Plaintiff believes that this Court has been biased against this Plaintiff by claiming certain things are irrelevant and do not apply to this Plaintiff only to show favoritism to the defendants and this is proven by viewing the Courts decision on the Motion to Remand issued on November 15, 2024 in the Footnote at the Bottom of the Courts order, stating that it is not relevant, this District Courts rulings are prejudice and biased and show favoritism to the Defendants Lawyers Sean Combs over that of the Correct Rule of Law, and that is improper and this Court should allow the issue to be reviewed before the Court of Appeals,

because the Plaintiff can show that.

1. Defendants Removal is unlawful.

2. Defendants Removal based on diversity of residence is false as that the Defendant maintained a resident here in Michigan as proven by the Certified Mail receipts and Affidavits attesting to him residing in Michigan Prior to, During and after the Sexual assault of this Plaintiff.

3. The Notice of Removal is untimely and outside of the 30 days and it is within the Michigan State Courts and not the Federal Courts Authority to have it.

4. Provisional Acts do not confer Jurisdiction on the Federal Court on these matters.

Plaintiff can in fact meet the 3 provisions required for this matter, where (1) Such Order denying remand involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, 93) that an immediate appeal from this order may materially advance the termination of the litigation to which this Court has Jurisdiction....See 28.U.S.C. 1292(b), MCR 1.112, See also <u>Vitolis v. citizens Banking Co, 984 F.2d 168, 6th Circuit # 92-8348, Cordwell v. chesapeake & Ohio Ry Company, 304 F.2d 444.446 (6th Circuit 1974)</u>.

Plaintiff believes the Court of Appeals should answer the question as to Whether or Not if The entire list of laws and approach the District Court has taken to this Case on the Issue of Jurisdiction is a question for the Court of Appeals and it should be argued to the Court of Appeals before this Court takes any other action in this case, most importantly, entertaining any order to GRANT DISMISSAL OR TO DISMISS THIS CASE FOR ANY OTHER ACTIONS, and as such, it would be in the Interest of All Parties to have this Matter held in abeyance while the Plaintiff Proceeds to the Court of Appeals.

Lastly, there is no risk to the Defendant in anyway being prejudiced with this matter being heard by the Court of Appeals, and if not, then it will prejudice the Plaintiff should this court go any further towards any negative decision against the Plaintiff.


## RELIEF SOUGHT

Wherefore, Plaintiff Prays this Court will Permission to Appeal this Case to the Court of Appeals on an Interlocutory Appeal and to hold this

case in abeyance and grant any further relief it deems necessary and appropriate.

Respectfully Yours,                                                          12-10-24

Mr. Derrick Lee Cardello-Smith
#267009
E.C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon, MI 49444

Signed in as State Of Michigan Michigan DOC - Staff.

 State of Michigan DOC 🔍     Client:-None-⌄   History   Help   Sign Out   More

---

Document:     **Vitols v. Citizens Banking Co., 984 F.2d 168**     Actions ⌄

FULL   KWIC™

---

✉   ⤓   ▤   | Go to ⌄ | Page | Page # | ∧ ∨   | All terms   5 ⌄ | ∧ ∨   | Search Document 🔍 |    ‹ 1 of 161 | Results list ›

---

## ▲ Vitols v. Citizens Banking Co., 984 F.2d 168

**Copy Citation**

United States Court of Appeals for the Sixth Circuit

January 20, 1993, Decided ; January 20, 1993, Filed

No. 92-8348

**Reporter**

984 F.2d 168 * | 1993 U.S. App. LEXIS 625 **

VICTOR V. VITOLS, et al., Plaintiffs, v. THE **CITIZENS BANKING** COMPANY, et al., Defendants/Third-Party Plaintiffs, TUCKER ANTHONY, INC., Respondent-Defendant/Cross-Claimant, PETER A. LONG; LONG, CLARK & BAKER, Petitioners/Third-Party Defendants.

**Prior History:** Appeal from the Northern District of Ohio. District No. 91-00470. Alvin I. Krenzler ⌄ and Thomas D. Lambros ⌄, District Judges.

**Disposition:** [**1] Dismissed

## Core Terms

magistrate judge, district court, district judge, designate, certify, interlocutory appeal, reconsider, pretrial, third-party, permission, hearings, failure to state a claim, claim for contribution, interlocutory order, judge of the court, motion to dismiss, immediate appeal, instant petition, additional duty, per curiam, Non-Dispositive, recommendations, certification, subparagraph, termination, Matters, plenary

---

### Case Summary

**Procedural Posture**
Petitioner legal service providers filed a petition for permission to appeal an interlocutory order of the United States District Court for the Northern District of Ohio, which denied their motion to dismiss a third-party claim for contribution. Respondent corporation opposed immediate appeal.

**Overview**
The corporation brought a third-party claim for contribution based on legal services from the providers, who filed a motion to dismiss the third-party claim for failure to state a claim or, alternatively, for lack of personal jurisdiction over one of the providers. The district judge denied the motion. The providers then filed a motion for the district court to reconsider its order or, alternatively, to certify the order for interlocutory appeal. Because the district judge who had originally denied the motion to dismiss had retired, the chief judge of the district referred the motion to reconsider or certify to a magistrate judge, who certified the district judge's decision for interlocutory appeal. The providers filed the instant petition within 10 days. The corporation opposed immediate appeal. The court held that the magistrate judge, acting pursuant to a reference under 28 U.S.C.S. § 636(b)(1), (3) had no authority to issue a dispositive ruling on the motion to certify the district court order for interlocutory appeal under 28 U.S.C.S. § 1292(b). Therefore, the court dismissed the petition for permission to appeal.

**Outcome**
The court dismissed the providers' petition for permission to appeal an interlocutory order which denied their motion to dismiss a third-party claim for contribution brought by the corporation.

▼ LexisNexis® Headnotes

Civil Procedure > Judicial Officers ▼ > References ▼
View more legal topics

**_HN1_**⬆ **Judicial Officers, References**
See 28 U.S.C.S. § 636(b)(1), (3). 🔍 More like this Headnote

_Shepardize® - Narrow by this Headnote (0)_

Civil Procedure > Judicial Officers ▼ > Magistrates ▼ > Duties & Powers ▼
Governments > Courts ▼ > Judges ▼
View more legal topics

**_HN2_**⬆ **Magistrates, Duties & Powers**
The Federal Magistrate's Act vests magistrate judges with limited jurisdiction to enter orders upon a reference by the district court. The power of a magistrate judge to act is limited to the scope of the reference. If the parties consent to a reference under 28 U.S.C.S. § 636(c)(1) and the district court so designates, a magistrate judge may exercise plenary jurisdiction. On the other hand, a reference under 28 U.S.C.S. § 636(b) is limited to non-dispositive pretrial matters or recommendations on dispositive motions. 🔍 More like this Headnote

_Shepardize® - Narrow by this Headnote (14)_

Civil Procedure > Judicial Officers ▼ > Magistrates ▼ > General Overview ▼
View more legal topics

**_HN3_**⬆ **Judicial Officers, Magistrates**
A magistrate judge, acting pursuant to a reference under 28 U.S.C.S. § 636(b)(1), (3), has no authority to issue a dispositive ruling on a motion to certify a district court order for interlocutory appeal under 28 U.S.C.S. § 1292(b). 🔍 More like this Headnote

_Shepardize® - Narrow by this Headnote (19)_     ▲ 1

**Counsel:** For PETER A. LONG, LONG, CLARK & BAKER ▼, Petitioners: M. Neal Rains ▼, 216-696-1100, Sonali Bustamante Wilson ▼, 216-696-1100, Arter & Hadden ▼, 1100 Huntington Building, Cleveland, OH 44115.

**Judges:** Before: GUY ▼ and RYAN ▼, Circuit Judges; and LIVELY ▼, Senior Circuit Judge.

**Opinion by:** PER CURIAM

## Opinion

**[*168]** ORDER

PER CURIAM. Pursuant to 28 U.S.C. § 1292(b) and Rule 5, Fed. R. App. P., the petitioners, Peter A. Long and Long, Clark & Baker ▼, seek permission to appeal an interlocutory order of the district court denying their motion to dismiss a third-party claim for contribution. The respondent, Tucker Anthony, Inc., opposes immediate appeal.

The matter below is a complex securities action brought by investors against a number of defendants. Cross-claims and third-party claims were filed by some of the **[*169]** defendants. The respondent brought a third-party claim for contribution based on legal services the petitioners had provided to the respondent. The petitioners moved to dismiss for failure to state a claim or, alternatively, for lack of personal jurisdiction over one of the petitioners. The district judge denied that motion by marginal entry.

The petitioners then moved the district court to reconsider its order or, alternatively, to certify the order for interlocutory appeal under § 1292(b). Because the district judge who had originally denied the motion to dismiss [**2] had retired, the chief judge of the district referred the motion to reconsider or certify to a magistrate judge. The magistrate judge did not reconsider, but did certify the district judge's decision for interlocutory appeal. The petitioners filed the instant petition within ten days. It does not appear that the district court has ever reviewed or adopted the magistrate judge's memorandum and order.

The reference to the magistrate judge was pursuant to 28 U.S.C. §§ 636(b)(1) and (3) and Local Civil Rule 5:1.1. **_HN1_**⬆ Sections 636(b)(1) and (3) provide in part:

(b)(1) Notwithstanding any provision of law to the contrary --

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the

defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under [**3] this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for . . . any motion excepted in subparagraph (A) . . . .

. . . .

(3) A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.

Local Civil Rule 5:1.1(e), "Determination of Non-Dispositive Pretrial Matters," is based upon § 636(b)(1)(A). Rule 5:1.1(j), "Additional Duties," enumerates a number of actions that magistrate judges for the district are authorized to take and cites for support § 636(b)(3).

**_HN2_** The Federal Magistrate's Act vests magistrate judges with limited jurisdiction to enter orders upon a reference by the district court. Bennett v. General Caster, 976 F.2d 995, 997 (6th Cir. 1992)(per curiam); **see also Banks v. United States**, 614 F.2d 95, 97 (6th Cir. 1980). The power of a magistrate judge to act is limited to the scope of the reference. If the parties  [**4]  consent to a reference under § 636(c)(1) and the district court so designates, a magistrate judge may exercise plenary jurisdiction. **Bennett**, 976 F.2d at 999, n.9. On the other hand, a reference under § 636(b) is limited to nondispositive pretrial matters or recommendations on dispositive motions.

The instant petition is also governed by § 1292(b). That section provides that a "district judge" may certify an interlocutory order for appeal. Although not a "district judge," a magistrate judge exercises the same jurisdiction as a district judge where there is a designation pursuant to § 636(c). Such a designation may enable a magistrate judge to enter a certification for interlocutory appeal under 28 U.S.C. § 1292(b). **See, e.g., LeVick v. Skaggs Companies, Inc.,** 701 F.2d 777, 778 n.1 (9th Cir. 1983); **Central Soya Co., Inc. v. Voktas, Inc.,** 661 F.2d 78 (7th Cir. 1981). This is not such a case. Here the reference was made under the more limited provisions of § 636(b)(1) and (3) and falls short of a grant of plenary jurisdiction. We hold that **_HN3_** a magistrate [**5]  judge, acting pursuant to a reference under § 636(b)(1) or (3), has no authority to issue a dispositive ruling on a  **[*170]**  motion to certify a district court order for interlocutory appeal under § 1292(b).

Even if the certification were proper in this case, this court would not be inclined to permit the appeal. To obtain permission to appeal pursuant to § 1292(b), the petitioner must show that: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation. **Cardwell v. Chesapeake & Ohio Ry. Company**, 504 F.2d 444, 446 (6th Cir. 1974). Review under § 1292(b) should be sparingly granted and then only in exceptional cases. **Kraus v. Board of County Road Comm'rs**, 364 F.2d 919, 922 (6th Cir. 1966). Because the claim at issue is collateral to the primary claims in the district court, an appeal at this time would not materially advance the termination of the litigation.

It is **ORDERED** that the petition for permission [**6]  to appeal is dismissed.



About

Privacy Policy

Cookie Policy

Terms & Conditions

RELX™

Copyright © 2024 LexisNexis.

Signed in as **State Of Michigan Michigan DOC - Staff.**

**State of Michigan DOC**    🔍        Client:-None-⌄    History    Help    Sign Out    More

| | | |
|---|---|---|
| Document: | MCR 1.112 | Actions ⌄ |

✉  ⭳  ⧉  [ Go to ⌄ ]  [ 1.112  1 of 3 ⌄ ]  ⋀ ⋁  [ Search Document 🔍 ]       ‹ 1 of 6  | Results list ›

‹ Previous               Next ›

### MCR 1.112

**Copy Citation**

State rules current with changes received through November 15, 2024

**MI - Michigan Court Rules**    **Michigan Court Rules of 1985**    **Chapter 1, General Provisions**    **Subchapter 1.100. Applicability; Construction**

## Rule **1.112**. Filings by Incarcerated Individuals.

If filed by an unrepresented individual who is incarcerated in a prison or jail, a pleading or other document must be deemed timely filed if it was deposited in the institution's outgoing mail on or before the filing deadline. Proof of timely filing may include a receipt of mailing, a sworn statement setting forth the date of deposit and that postage has been prepaid, or other evidence (such as a postmark or date stamp) showing that the document was timely deposited and that postage was paid.

## History

Added eff September 1, 2021.

▼ **Annotations**

### Commentary

**Staff Comment:**

*order issued date May 5, 2021:*

These amendments relate to expansion of the prison mailbox rule. Under the new MCR **1.112**, the prison mailbox rule applies to any pleading or other document deposited in a prison or jail's mail system (i.e., not limited only to claims under criminal proceedings). The specific references to situations where that rule now applies (MCR 6.310, 6.429, 6.431, 7.204, 7.205 and 7.305) are eliminated.

The staff comment is not an authoritative construction by the Court. In addition, adoption of an amendment in no way reflects a substantive determination by this Court.

Michigan Court Rules Annotated
Copyright © 2024 All rights reserved.

‹ Previous               Next ›



About

Privacy Policy

Cookie Policy

Terms & Conditions

RELX ™

Copyright © 2024 LexisNexis.

Signed in as **State Of Michigan Michigan DOC - Staff.**

 State of Michigan DOC    🔍

Client:-None- ⌄    History    Help    Sign Out    More

---

Document:      **Cardwell v. Chesapeake & O. R. Co., 504 F.2d 444**      Actions ⌄

✉   ↓   ▯   | Go to ⌄ |   Page   | Page # |   ∧ ∨   | Search Document 🔍 |

### ◆ Cardwell v. Chesapeake & O. R. Co., 504 F.2d 444

**Copy Citation**

United States Court of Appeals for the Sixth Circuit

October 17, 1974, Decided

No. 73-1904

**Reporter**
504 F.2d 444 * | 1974 U.S. App. LEXIS 6464 **

HELEN S. CARDWELL, Administratrix of the Estate of Winfred M. Cardwell, deceased, Plaintiff-Appellee, v. THE CHESAPEAKE & OHIO RAILWAY CO., Defendant-Appellant

**Prior History:** [**1] ON APPEAL from the United States District Court for the Southern District of Ohio, Western Division.

**Disposition:** Affirmed.

## Core Terms

myocardial infarction, controlling question, interlocutory, conditions

---

### Case Summary

**Procedural Posture**

Appellant railroad sought review of an order from the United States District Court for the Southern District of Ohio, which over-ruling appellant's reserved motion for a directed verdict, and awarded appellee widow damages in her action under Federal Employers' Liability Act, 45 U.S.C.S. § 51 et seq., to recover damages for injury and wrongful death of appellee's husband.

**Overview**

An employee of appellant railroad filed a complaint under the Federal Employers' Liability Act, 45 U.S.C.S. § 51 et seq., alleging that he sustained a back injury while he was employed by appellant. The employee subsequently died, and appellee widow filed an amended complaint in which she alleged that her husband's death was the result of the accident pled in the original complaint. During the trial, appellant filed a motion for a directed verdict, which the district court reserved. The jury returned a verdict in favor of appellee and awarded damages, but could not agree whether the employee's death resulted from appellant's negligence. The district court then denied appellant's motion and entered judgment for appellee. At appellant's request, the district court certified the question of whether there was sufficient competent evidence of the causal relationship between the injury and death for the submission of the claim to the jury. The court held that there was sufficient competent evidence, and that it was not erroneous for the question to have been submitted to the jury.

**Outcome**

The court affirmed the district court's verdict and award.

---

▼ LexisNexis® Headnotes

Civil Procedure > Appeals ⌄ > Appellate Jurisdiction ⌄ > Interlocutory Orders ⌄

**HN1** ⚲ **Appellate Jurisdiction, Interlocutory Orders**

See 28 U.S.C.S. § 1292(b). ⚲ More like this Headnote

*Shepardize® - Narrow by this Headnote (0)*

Civil Procedure > Appeals ▾ > Appellate Jurisdiction ▾ > Interlocutory Orders ▾

**HN2** ⚲ **Appellate Jurisdiction, Interlocutory Orders**

28 U.S.C.S. § 1292(b) applies to interlocutory orders that are not otherwise appealable of right and requires the existence of four elements: (1) the question involved must be one of law; (2) it must be controlling, (3) there must be substantial ground for difference of opinion about it; and (4) an immediate appeal must materially advance the ultimate termination of the litigation. ⚲ More like this Headnote

*Shepardize® - Narrow by this Headnote (108)*    18

Civil Procedure > Appeals ▾ > Appellate Jurisdiction ▾ > Interlocutory Orders ▾

**HN3** ⚲ **Appellate Jurisdiction, Interlocutory Orders**

Congress intended that 28 U.S.C.S. § 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation. ⚲ More like this Headnote

*Shepardize® - Narrow by this Headnote (42)*   ◆ 1

Civil Procedure > Appeals ▾ > Appellate Jurisdiction ▾ > Interlocutory Orders ▾

**HN4** ⚲ **Appellate Jurisdiction, Interlocutory Orders**

28 U.S.C.S. § 1292(b) is not intended to authorize interlocutory appeals in ordinary suits for personal injuries or wrongful death that can be tried and disposed of on their merits in a few days. ⚲ More like this Headnote

*Shepardize® - Narrow by this Headnote (8)*

Civil Procedure > ... > Subject Matter Jurisdiction ▾ > Jurisdiction Over Actions ▾ > General Jurisdiction ▾
Governments > Federal Government ▾ > Claims By & Against ▾
Torts > ... > Rail Transportation ▾ > Theories of Liability ▾ > Federal Employers' Liability Act ▾
View more legal topics

**HN5** ⚲ **Jurisdiction Over Actions, General Jurisdiction**

Fed. R. Civ. P. 43(a) provides that all evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. The competency of a witness to testify shall be determined in like manner. ⚲ More like this Headnote

*Shepardize® - Narrow by this Headnote (0)*

Civil Procedure > ... > Subject Matter Jurisdiction ▾ > Jurisdiction Over Actions ▾ > General Jurisdiction ▾
Evidence > Rule Application & Interpretation ▾
View more legal topics

**HN6** ⚲ **Jurisdiction Over Actions, General Jurisdiction**

One of the bases of admissibility of evidence in the federal courts is that the evidence is admissible under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. ⚲ More like this Headnote

*Shepardize® - Narrow by this Headnote (0)*

Torts > ... > Rail Transportation ▾ > Theories of Liability ▾ > Federal Employers' Liability Act ▾
View more legal topics

**HN7** ⚲ **Theories of Liability, Federal Employers' Liability Act**

An action under the Federal Employers' Liability Act, 45 U.S.C.S. § 51 et seq,, is governed exclusively by federal law, and state rules of evidence are inapplicable. ⚲ More like this Headnote

*Shepardize® - Narrow by this Headnote (0)*

Civil Procedure > Appeals ▾ > Standards of Review ▾ > Abuse of Discretion ▾
Evidence > ... > Testimony ▾ > Lay Witnesses ▾ > General Overview ▾
Healthcare Law > Medical Treatment ▾ > Incompetent, Mentally Disabled & Minors ▾ > Institutionalization ▾

*HN8* Standards of Review, Abuse of Discretion

Whether a witness with adequate opportunity of observation of a person may express an opinion about his physical or mental condition is committed to the discretion of the trial court and that discretion will not be disturbed unless abused. 🔍 More like this Headnote

*Shepardize®* - Narrow by this Headnote (1)

**Judges:** Edwards ▾, McCree ▾, and Miller ▾, Circuit Judges.

**Opinion by:** McCREE ▾

## Opinion

**[\*445]** McCREE ▾, Circuit Judge.

This is an appeal from an order over-ruling a reserved motion for a directed verdict in a Federal Employers' Liability Act (FELA) action, 45 U.S.C. § 51 et seq., to recover damages for injury and for wrongful death. The jury awarded $10,500, adjusted for contributory negligence, on the claim for injury, but was unable to decide whether death was caused by the injury. This appeal requires us to decide whether there was sufficient competent evidence of the causal relationship between the injury and death for the submission of this claim to the jury. We determine that there was.

On August 14, 1969, Winfred M. Cardwell filed a complaint under the FELA alleging that he sustained a back injury while he was employed at defendant's Huntington, West Virginia Diesel Shops on June 27, 1969 when he attempted to close a locomotive cab door that had been left hanging on only its right upper hinge. After the answer was filed and some depositions [\*\*2] were taken, a suggestion of plaintiff's death was filed and Cardwell's widow, who had been appointed administratrix of his estate, filed an amended complaint August 6, 1971 in which she alleged that Cardwell's death on January 25, 1971 was the result of the accident pleaded in the original complaint.

In a trial that extended over parts of four days, after decision on a motion for a directed verdict was reserved and defendant submitted its proofs, the case was submitted to the jury upon instructions requiring a verdict on the claim for injury and lost wages during Cardwell's lifetime and a verdict on the death claim. The jury found that the accident on June 22, 1969 resulted in part from the negligence of both Cardwell and the railroad and assessed damages at $10,500. It advised the court that it could not agree whether Cardwell's death resulted from defendant's negligence.

Appellant filed a motion for judgment notwithstanding the absence of a verdict on the wrongful death claim and a motion for judgment n.o.v. or for a new trial on the claim for injury. On May 25, 1973, the district court entered judgment on the verdict of $10,500 and overruled both motions, but certified, at defendant's [\*\*3] request that "Whether or not there was sufficient medical evidence of the causal relationship between the accident claimed to have been sustained by **[\*446]** the plaintiff's decedent and the death of the said decedent to warrant submission of such issue to the jury" involved "a controlling question of law as to which there is substantial ground for difference of opinion" and that an immediate appeal from the order overruling the motion for judgment notwithstanding the absence of a verdict" may materially advance the ultimate termination of this litigation."

Our Court, one judge dissenting, permitted the appeal to be taken in an order entered July 6, 1973.

*HN1*⏚ 28 U.S.C. § 1292(b) provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit [\*\*4] an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: . . . .

*HN2*⏚ This provision applies to interlocutory orders that are not otherwise appealable of right and requires the existence of four elements: (1) The question involved must be one of "law"; (2) it must be "controlling", (3) there must be substantial ground for "difference of opinion" about it; and (4) an immediate appeal must "materially advance the ultimate termination of the litigation."

In considering an application from a defendant in a diversity automobile action, we were asked to review under 28 U.S.C. § 1292(b) the grant of summary judgment determining that a Michigan statute requiring notice within sixty days of injuries caused by defective roads does not apply to actions for wrongful death. We quoted with approval this statement from Milbert v. Bison Laboratories, 260 F.2d 431, 433 (3rd Cir. 1958.)

> "It is quite apparent from the legislative history of the Act of September 2, 1958 that *HN3*⏚ Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate [\*\*5] appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." (Maris, J.)

We observed further in denying the request to permit the appeal:

> *HN4*⏚ This statute was not intended to authorize interlocutory appeals in *ordinary suits for personal injuries or wrongful death that can be tried and disposed of on their merits in a few days.* Haraburda v. United States Steel Corp., 187 F. Supp. 86, 94 (W.D.Mich). (emphasis supplied).

The granting of an interlocutory appeal in the present case would not "materially advance the ultimate termination of the litigation." Many months would be required before the case would be reached for argument on the congested docket of this court. If we grant the appeal and then should affirm the order of the district court based upon the opinion published in 236 F. Supp. 677, the case then would be remanded to the district court for trial on its merits.

On the other hand, it would appear that only a few days would be required for a jury trial and final disposition of the case in the district court. This [**6] procedure, which would avoid a piecemeal appeal, is preferable except in the extraordinary type of case contemplated by § 1292(b). (Phillips, J.) Kraus v. Board of County Road Commissioners, 364 F.2d 919, 922 (6th Cir. 1966).

Appellant's brief contains the following statement of the question certified as a controlling question of law:

In a wrongful death action under the Federal Employers' Liability Act, [*447] which the plaintiff's decedent died as a result of a myocardial infarction occurring approximately nineteen months after a twisting back injury, whether it is error to refuse to direct a verdict in favor of the defendant on the wrongful death claim where the only testimony concerning the re-appearance after such accident of conditions of anxiety, depression and alcoholism in the plaintiff's decedent (from which conditions he had suffered periodically for many years prior thereto) came from the decedent's widow, a lay person, in the form of conclusions; where the only medical witness sustaining the causal relationship between the accident and the myocardial infarction assumed the presence of such conditions of anxiety, depression and [**7] alcoholism between the accident and the myocardial infarction and used such conditions as an indispensable step in his testimony on causation; and where the testimony of such sole medical witness included his admissions that opposite circumstances and conditions could have caused a myocardial infarction and that he could not rule out anything that had ever happened to the decedent as a cause of his myocardial infarction.

This appears to be precisely the kind of ordinary suit for personal injuries or wrongful death that can be tried and disposed of on its merits within a few days and that we said in Krause, supra, should not be considered on interlocutory appeal. In fact the question in Krause, whether a statutory requirement to give notice of a highway defect applies in wrongful death actions, is more properly a controlling question of law than is the issue stated in appellant's brief in this appeal. In Krause, the application, vel non, of the statute had to be decided for resolution of the litigation. In this appeal, it is possible that on retrial the state of the evidence at the close of plaintiff's case may not present the same question of [**8] sufficiency for submission to the jury. In that event, we will have rendered only an advisory opinion.

Nevertheless, we have permitted the appeal, and to expedite the ultimate conclusion of this litigation, we consider the issue presented.

Specifically, appellant contends that Cardwell's wife, a lay person, was incompetent to testify that from the date of the accident until her husband's death, he suffered from "emotional stresses of anxiety, depression, [and] resentment." It was on the basis of this testimony that appellee's medical expert witness (contrary to the testimony of appellant's expert witnesses) opined that these factors "played a dominant role in the aggravation of pre-existing coronary arteriosclerosis and played a dominant role in the precipitation of myocardial infarction and the ventricular fibrillation and the cause of his death."

Appellant contends that Ohio law should have governed the question of the admissibility of medical opinion evidence even though the action was brought under the Federal Employer's Liability Act. He relies for support of this contention on *HN5* Fed. R. Civ. P. 43(a) that provides:

All evidence shall be admitted which is admissible [**9] under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. The competency of a witness to testify shall be determined in like manner.

He asserts that there is no federal precedent permitting the hypothetical [*448] question put to appellant's expert medical witness, and concludes that the law of Ohio, which he claims would exclude it, should therefore govern. He cites in support of this contention Padgett v. Southern R. Co., 396 F.2d 303 (6th Cir. 1968), as authority for the proposition that state law controls what medical testimony is admissible. We do not understand Padgett to stand for this proposition. Padgett holds only that *HN6* "One of the bases of admissibility of evidence [**10] in the federal courts is that the evidence is admissible 'under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held.'" (emphasis supplied). 396 F.2d 303, 307. This is a correct statement of the law and it was applied in that case in furtherance of the policy of Rule 43(a) favoring the reception of evidence.

We find appellant's other asserted authority for choice of the rule for admissibility of evidence equally unpersuasive. That case, Teti v. Firestone Tire and Rubber Company, 392 F.2d 294 (6th Cir. 1968) was a diversity case in which it was recognized, appropriately in rejecting cited authority, that *HN7* an FELA case is governed exclusively by federal law, and that state rules of evidence are inapplicable.

Federal precedent for the admission of the evidence received in this case is not lacking. In Equitable Life Assur. Soc. v. Bomar, 106 F.2d 640, 643 (6th C.C.A., 1939) witnesses who associated with and personally observed the appearance, manner, habits and conduct of a decedent were permitted to testify over objection that: ". . . his physical condition was very poor . [**11] . .; his mind was not active . . .; he couldn't go into any lengthy matter that required any time, or anything like that . . . ."

We hold that *HN8* whether a witness with adequate opportunity of observation of a person may express an opinion about his physical or mental condition is committed to the discretion of the trial court and that its discretion will not be disturbed unless abused. See Spitzer v. Stichman, 278 F.2d 402 (2nd Cir. 1960).

Accordingly, although we regard the proofs on the causal relationship between Cardwell's death and the accident as very close to the minimum quantum, we determine that no error was committed in submitting the question to the jury.

We decline to consider the other issues briefed by appellant because they were not certified to us as controlling questions of law and there is no substantial assurance that they will recur in the event of a retrial of the death claim.

Affirmed.



About

Privacy Policy

Cookie Policy

Terms & Conditions

RELX™

Copyright © 2024 LexisNexis.

Mr. Derrick Lee Cardello-Smith
#267009
E.C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon, MI 49444

Mailed on 12-2-2
Case No 2:24-cv-12647

7011 2000 0001 1878 9056

Office of the Clerk
United States District Court
Thiedore Levin US Courthouse
231 W. Lafayette Blvd
Detroit, MI 48226



US POSTAGE PITNEY BOWES
ZIP 49444
02 4W
0000386110DEC 02 2024
$013.56°