UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DERRICK LEE CARDELLO-SMITH,

       Plaintiff,

v.

SEAN COMBS,

       Defendant.

Case No. 2:24-cv-12647

Hon. Judith Levy

# DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS [ECF No. 2]

On June 10, 2024, Plaintiff filed a 15-paragraph Complaint alleging that he was assaulted by Defendant on June 14, 1997—nearly twenty-seven years before filing the complaint. Since Plaintiff first filed, his claims, (which were facially implausible to begin with), have ballooned into a massive conspiracy against him, involving multiple high-ranking Wayne County officials. Now realizing that his untimely claims are subject to dismissal, Plaintiff presents the Court with a fresh helping of conspiratorial nonsense. If Plaintiff had spent the last two decades living in fear that he or his family members would be killed if he filed the claim at issue, he would have included such allegations in his Complaint. But Plaintiff did not do so, presumably because he had not yet seen the need to invent those facts. Regardless of their absurdity, the Court need not delve into Plaintiff's newly concocted "facts," because Michigan law permits equitable tolling only in extraordinary circumstances not present here.

**Plaintiff Never Served Defendant.** Plaintiff implies dismissal for lack of service is improper because Defendant "acknowledged that [he was] served on September 9, 2024[.]" Response, ECF No. 42, PageID.777. But, as the Court found, "[t]o date, Plaintiff has still not properly served Defendant because the July 6, 2024, mailing was not proper under Mich. Ct. R. 2.105 and Plaintiff alleges no other attempt to serve Defendant." Order Den. Mots. to Remand, ECF No. 35, PageID.740.

1

**Plaintiff's Claim is Time-Barred.** Plaintiff suggests that the statute of limitations has not run because he has been subjected to an "ongoing violation[.]" ECF No. 42, PageID.804. Plaintiff's argument on this point is unclear, but he appears to claim that the alleged ongoing threats against him are a continuing violation, such as has been found to toll the statute of limitations in some contexts, such as the continued enforcement of an unconstitutional statute. *See Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 522 (6th Cir. 1997) ("A law that works an ongoing violation of constitutional rights does not become immunized from legal challenge for all time merely because no one challenges it within two years of its enactment."). Plaintiff's theory appears to be that the alleged threats against him are a continuation of the alleged assault on June 14, 1997, and his claim therefore continued to accrue. But Plaintiff's sole claim relates to the assault alleged to have occurred on June 14, 1997; his Complaint contains no allegations regarding any of the threatening acts he now relies upon. Complaint, ECF No. 1, PageID.12-15. Aside from its illogic, this argument is foreclosed by the plain language of Mich. Comp. Laws § 600.5805(2), which provides that the limitations period runs from "the time of the death or injury[.]"

None of the cases that Plaintiff cites on this point supports his argument because each involved an allegedly unconstitutional statute, not a personal injury claim. *Kuhnle Bros.* involved § 1983 claims alleging that a state statute violated the

2

plaintiff's due process rights and constituted an unconstitutional taking. *Kuhnle Bros.*, 103 F.3d at 518-19. *Does v. Whitmer*, — F. Supp. 3d —, 2024 WL 4340707, at *1-2 (E.D. Mich. 2024) involved constitutional challenges to amendments to Michigan's Sex Offender Registration Act. And *Leal v. Azar*, No. 20-cv-185, 2020 WL 7672177, at *1 (N.D. Tex. Dec. 23, 2020), *vacated sub nom Leal v. Becerra*, 2022 WL 2981427 (5th Cir. 2022), involved constitutional challenges to the Affordable Care Act. Plaintiff states that he "directly makes a constitutional challenge to the statute of limitations" but Plaintiff does not (and could not) explain how the application of Mich. Comp. Laws § 600.5805(2) against him threatens any constitutionally protected interest. Response, ECF No. 42, PageID.803.[1]

Nor may Plaintiff rely on the doctrine of equitable tolling to save his claim. The application of equitable tolling "is very much restricted." *Arens v. G.R. Mfg. Co.*, 968 F.2d 603, 605 (6th Cir. 1992) (quotation marks omitted). Plaintiff cannot demonstrate his entitlement to equitable tolling for at least three reasons. First, Plaintiff did not allege any facts that might support equitable tolling in his Complaint. *See Pinney Dock and Trans. Co. v. Penn. Cent. Corp.*, 838 F.2d 1445, 1465 (6th Cir. 1988) (a plaintiff seeking to take advantage of equitable tolling must allege facts that would support tolling in their complaint.).

---

[1] While statutory tolling is available under Michigan law, Plaintiff has not identified any basis that might qualify for such tolling.

3

Second, equitable tolling is only available under Michigan law in extraordinary circumstances not present here. Plaintiff has asserted a single, state-law personal injury claim, governed by the statute of limitations set forth in Mich. Comp. Laws § 600.5805(2). Thus, the availability of equitable tolling is governed by Michigan law. *Wershe v. City of Detroit*, 112 F.4th 357, 366 (6th Cir. 2024). Equitable tolling is not available under Michigan law because Plaintiff's claim is governed by an express statute of limitations (Mich. Comp. Laws § 600.5805(2)) and, "under Michigan law, an express statute of limitations ordinarily cannot be equitably tolled." *Wershe*, 112 F.4th at 371 (citation omitted); *see also*, *Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 679-80 (Mich. 2007) (equitable tolling is unavailable for a claim subject to Mich. Comp. Laws § 600.5805(2)[2] because "the statutory scheme controls limitations periods, accrual, and tolling[.]"). Equitable tolling is available in Michigan only "when the courts themselves have created confusion" regarding what limitations period applies to a particular claim. *Trentadue*, 738 N.W.2d at 679. This narrow exception does not apply here because Plaintiff's claim is plainly subject to Mich. Comp. Laws § 600.5805(2).[3]

---

[2] Then codified as Mich. Comp. Laws § 600.5805(10).
[3] Plaintiff also suggests that he did not have "a Complete and Present cause of Action" until Defendant's home was raided in March 2024. Response, ECF No. 42, PageID.787. Under Mich. Comp. Laws § 600.5805(2), a cause of action accrues at "the time of the death or injury[.]"; *see also*, Mich. Comp. Laws § 600.5827 ("in cases not covered by [inapplicable] sections the claim accrues at the time the wrong

4

Unsurprisingly, courts in this Circuit have denied equitable tolling where the claim is governed by an express statute of limitations. *See Wershe*, 112 F.4th at 371 ("Because Wershe's § 1983 and *Bivens* claims are governed by Michigan's express three-year statute of limitations for personal injury claims, Mich. Comp. Laws § 600.5805(2), equitable tolling appears to be unavailable under Michigan law."); *see also McClure v. City of Detroit*, No. 11-cv-12035, 2015 WL 224744, at *4 (E.D. Mich. Jan. 15, 2015) ("It appears that Michigan no longer recognizes a common law equitable tolling doctrine; rather, a plaintiff's right to equitable tolling must be based on a statutory right to tolling.").

The cases that Plaintiff cites do not support his position because they involve claims whose tolling is governed by federal law or the law of another state—not Michigan law. *Holland v. Florida*, 560 U.S. 631 (2010) involved application of equitable tolling to 28 U.S.C. § 2244(d), the timeliness provision in the federal habeas corpus statute. *Id.*, at 634. *Zappone v. United States*, 870 F.3d 551, 555, 559 (6th Cir. 2017) involved the application of equitable tolling to the plaintiff's Federal Tort Claims Act (FTCA) and *Bivens* claims under Ohio law.[4] *Id.*, at 555-62. *Jackson*

---

upon which the claim is based was done regardless of the time when damage results.").

[4] Plaintiff is correct (albeit for the wrong reason) that "the five Factor test…under Zappone…does not apply[.]" Response, ECF No. 42, PageID.802. The *Zappone* factors are used to weigh equitable tolling for FTCA claims; they do not apply here. *Wershe*, 112 F.4th at 366 ("This Circuit has traditionally considered five

5

*v. U.S.*, 751 F.3d 712, 714 (6th Cir. 2014) involved FTCA claims. The Sixth Circuit ultimately held that the district court had correctly declined to apply equitable tolling in both cases. *Zappone*, 870 F.3d at 559, 562; *Jackson*, 751 F.3d at 721. In *Ruiz-Bueno v. Maxim Healthcare Srvs., Inc.*, 659 F. App'x. 830 (6th Cir. 2016) the Sixth Circuit affirmed the district court's refusal to apply equitable tolling to claims brought under § 1983 and Ohio state law. *Doe v. United States*, 76 F.4th 64 (2d Cir. 2023) involved FTCA and *Bivens* claims under Connecticut law. *Id.*, at 70. Likewise, *Davis v. Jackson*, No. 15-cv-5359, 2016 WL 5720811, at *5 (S.D.N.Y. Sept. 20, 2016) involved § 1983 claims under New York law.

Third, even if equitable tolling were available, Plaintiff's argument that he was intimidated into waiting over two decades to file this claim is not plausible. Plaintiff's claim that he feared deadly retaliation from Defendant, which was reasonable because "Defendant had Tupac Shakur Killed[,]" is simply incredible.[5] Response, ECF No. 42, PageID.782. Even accepted at face value, Plaintiff's story makes little sense. Plaintiff claims he was threatened "many many times from 1998

---

factors [from *Zappone*] to determine whether equitable tolling of an FTCA claim is warranted[.]").

[5] Indeed, according to Plaintiff, there are few fixtures of 1990s popular culture who are not somehow involved in the conspiracy against Plaintiff. The day after Plaintiff filed his Response to the Motion to Dismiss, he filed a "Notice of Plaintiffs Submission of Material Witness[] Jennifer Lynn Lopez a/k/a "(J-Lo)" a/k/a "Jenny From The Block"[.] ECF No. 44.

6

to 2024"[6] and "believed that his filing of the report [of the alleged assault] would have resulted in the deaths of many people connected to the plaintiff[.]" ECF No. 42, PageID.783, 785. However, contradicting his own assertion, Plaintiff also attached to his Response several copies of what purport to be grievance forms he filed with the Michigan Department of Corrections regarding the alleged assault and threatening statements allegedly made to him. Response, ECF No. 42, PageID.810-815. Plaintiff also claims he "sent letters to the Michigan State Police About this Rape that happened[.]" *Id.*, PageID.795. Plaintiff does not explain why he felt safe enough to report the alleged rape to the Department of Corrections and the Michigan State Police, but not safe enough to file a lawsuit.[7] Plaintiff is a prolific filer of frivolous lawsuits—he has been placed on restricted filer status under 28 U.S.C. § 1915(g) by judges in both the Eastern and Western District of Michigan. ECF No. 2, PageID.594 n. 5.

---

[6] Plaintiff also does not explain why he did not file a lawsuit regarding the assault alleged to have occurred on June 14, 1997, before the threats supposedly began sometime in 1998.

[7] Furthermore, while Plaintiff claims to have been threatened by a list of Michigan Department of Corrections officers on behalf of Defendant. Response, ECF No. 42, PageID.790 (listing "MDOC Officers…Jason Brokc [sic]…Goostrey, DanielMiller…[and] Brown[,]" among others.) Plaintiff was clearly not deterred by these alleged threats, as he filed a lawsuit against at least four of the listed officers in 2021. *See*, Amended Complaint, *Smith v. Brock*, E.D. Mich. No. 21-cv-11595, ECF No. 7 (listing MDOC officers Brock, Goostrey, Miller and Brown as defendants).

|  |  |
|---|---|
| Dated:  December 17, 2024 | Respectfully submitted,<br><br>**FINK BRESSACK**<br><br>By:   /s/ David H. Fink<br>David H. Fink (P28235)<br>Nathan J. Fink (P75185)<br>David A. Bergh (P83696)<br>Calder A.L. Burgam (P87203)<br>*Attorneys for Defendant*<br>38500 Woodward Ave., Ste. 350<br>Bloomfield Hills, MI 48304<br>Tel: (248) 971-2500<br>dfink@finkbressack.com<br>nfink@finkbressack.com<br>dbergh@finkbressack.com<br>cburgam@finkbressack.com<br><br>**SHER TREMONTE**<br><br>Erica A. Wolff (application for admission forthcoming)<br>*Counsel for Defendant*<br>90 Broad St., 23rd Floor<br>New York, NY 10004<br>Tel.: (212) 202-2600<br>ewolff@shertremonte.com |

8