UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DERRICK LEE CARDELLO-SMITH,

        Plaintiff,

v.

SEAN COMBS,

        Defendant.

Case No. 2:24-cv-12647

Hon. Judith Levy

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR PERMISSION TO FILE AN INTERLOCUTORY APPEAL [ECF Nos. 45, 50]**

## STATEMENT OF THE ISSUES PRESENTED

1. Whether Plaintiff has identified any grounds that might support certification of an interlocutory appeal under 28 U.S.C. § 1292(b).

 Defendant's Answer: No.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

28 U.S.C. § 1292(b)

Plaintiff has filed two motions[1] requesting that the Court certify an interlocutory appeal to the Sixth Circuit regarding its Order Denying Plaintiff's Motions to Remand [ECF No. 35] under 28 U.S.C. § 1292(b). ECF Nos. 45, 50. Plaintiff's request for certification of an interlocutory appeal is meritless.

A district court may certify an order for interlocutory appeal if "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002), citing 28 U.S.C. § 1292(b). Review under § 1292(b) "is granted sparingly and only in exceptional cases." *Id*. "The moving party has the burden to show that each requirement of § 1292(b) is satisfied and the district court must expressly find in writing that all three § 1292(b) requirements are met." *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022). The decision to certify an interlocutory appeal is a matter of discretion for the district court. *Swint v. Chambers Cnty. Comm'n.*, 514 U.S. 35, 47 (1995).

Plaintiff has failed to establish any of the elements required for certification of an interlocutory appeal. The only specific argument that Plaintiff makes in the Motion is that the Court erred in denying his motions to remand because "the

---

[1] It is not apparent why Plaintiff filed two separate documents requesting the same relief.

Defendant has maintained a Residence in Michigan[.]" Motion for Permission to File an Interlocutory Appeal, ECF No. 45, PageID.977. Even putting aside the fact that this assertion is false, is unsupported, and was not raised in any of Plaintiff's motions for remand, it is an issue of fact that cannot support certification under § 1292(b). *See Howard-Johnson v. V&S Detroit Galvanizing, LLC*, No. 10-13870, 2012 WL 12930765, at *2 (E.D. Mich. 2012) (finding that a party's argument regarding the court's factual findings "plainly demonstrates that the cornerstone of the order denying the motion for summary judgment is hardly a controlling issue of *law*.") (emphasis in original).

Plaintiff also fails to demonstrate that the second element is satisfied. The "difference of opinion" element is not met merely because one of the parties disagrees with the court's ruling. Rather, it is met where "the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *Eagan v. CXS Transp., Inc.*, 294 F. Supp. 2d 911, 916 (E.D. Mich 2003), citing *In re Grand Jury Proceedings*, 767 F. Supp. 222, 226 (D. Colo. 1991). Alternatively, it may be met where "(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *Eagan*, 294 F. Supp. 2d at 916, citing *Gaylord Entm't Co. v. Gilmore Entm't Grp*. 187 F. Supp. 2d 926, 956 (M.D. Tenn. 2001). Plaintiff has not identified any novel legal

2

issue or split in authority. Instead, Plaintiff offers only the conclusory (and false) statement that "this Courts rulings thus far have been an incorrect and inappropriate application of the State Court Rule and The Federal statute allowing the Federal court to claim jurisdiction[.]" Motion for Permission to File an Interlocutory Appeal, ECF No. 45, PageID.977. Merely questioning the correctness of a court order cannot support certification of an interlocutory appeal under § 1292(b). *U.S. v. Grand Trunk Western R. Co.*, 95 F.R.D. 463, 471 (W.D. Mich. 1981).

Nor would certification of an interlocutory appeal materially advance this litigation. "Appeals fulfilling that criterion typically are those where, absent review, potentially unnecessary 'protracted and expensive litigation' will ensue." *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022), quoting *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015). Here, Defendant's Motion to Dismiss is pending and Plaintiff's untimely claims are ripe for dismissal.

## CONCLUSION

For the reasons stated above, Plaintiff's Motions for Permission to File an Interlocutory Appeal [ECF Nos. 45, 50] should be denied in their entirety.

Dated: December 20, 2024

Respectfully submitted,

**FINK BRESSACK**

By: /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)

3

Calder A.L. Burgam (P87203)
*Attorneys for Defendant*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com
cburgam@finkbressack.com

**SHER TREMONTE**

Erica A. Wolff (application for admission forthcoming)
*Counsel for Defendant*
90 Broad St., 23rd Floor
New York, NY 10004
Tel.: (212) 202-2600
ewolff@shertremonte.com