UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DERRICK LEE CARDELLO-SMITH,

        Plaintiff,

v.

SEAN COMBS,

        Defendant.

Case No. 5:24-cv-12647

Hon. Judith Levy

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S "MOTION FOR LEAVE TO FILE CORRECTED, UPDATED AND TIMELY COPY OF THE PLAINTIFF'S ANSWERS TO THE DEFENDANT'S MOTION TO DISMISS" [ECF No. 57]**

## STATEMENT OF THE ISSUES PRESENTED

1. Whether the Court should grant Plaintiff leave to file an "updated" Response to Defendant's Motion to Dismiss.

Defendant's Answer: No.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

E.D. Mich. L.R. 7.1

Plaintiff moves for leave to file a "corrected, updated and timely copy" of his Response to Defendant's Motion to Dismiss. Motion for Leave, ECF No. 57. Plaintiff's Motion for Leave should be denied because the proposed Response [ECF No. 58] adds nothing to Plaintiff's previously-filed Response beyond the invention of new "facts" intended to serve Plaintiff's arguments.[1]

The primary addition in the proposed Response is Plaintiff's claim that he properly served Defendant by sending the Summons and Complaint to Defendant's "Agent, Business Partner and Investor George Preston in Avoca, Michigan" on April 11, 2024. Proposed Response, ECF No. 58, PageID.1084. Plaintiff also claims that he served Defendant by mailing the summons and complaint to Defendant's "agent, investor, secretary, assistant and business partner in Michigan Kathryn Preston" at the same Avoca, Michigan address and to a separate address in Marysville, Michigan on November 2, 2024. *Id*. PageID.1085. Like virtually all of Plaintiff's factual assertions, these claims are transparently false.

---

[1] Additionally, it is not apparent that Plaintiff's proposed Response is timely. Plaintiff was required to respond to Defendant's Motion to Dismiss by December 3, 2024. Order Granting in Part Motion to Extend Time, ECF No. 33. Plaintiff's Motion and proposed Response were mailed on November 27, 2024 and entered by the Court on December 10, 2024. ECF No. 57, PageID.1050; ECF No. 58, PageID.1291. While this Circuit recognizes a prison mailbox rule for certain filings (*e.g.*, civil complaints, habeas petitions, notices of appeal), *See Cretacci v. Call*, 988 F.3d 860, 865-66 (6th Cir. 2021), it is not clear that the rule applies to an ordinary motion or motion response and Plaintiff cites no authority for that proposition in his Motion.

Plaintiff's claim to have served Defendant on April 11, 2024 is nonsensical on its face. The Summons was not issued until June 10, 2024. ECF No. 1, PageID.10. Obviously, Plaintiff could not have served the Summons before it was issued. Additionally, Plaintiff's claim that George Preston is Defendant's agent and business partner is not only false, but also inconsistent with Plaintiff's story. Plaintiff attached to his proposed Response a purported affidavit in which Mr. Preston avers that he "had [his] life, [his] families lives threatened by Sean Combs and other individuals working with and for Mr. Sean Combs where guns were placed at my head between 1998-2023[.]" ECF No. 58, PageID.1107. Plaintiff's claim that Kathryn Preston is Defendant's agent is also plainly false. Kathryn Preston is an intimate associate of Plaintiff whom Plaintiff refers to as his "wife[.]"[2] ECF No. 1, PageID.354.

The remainder of the additions to the proposed Response are elaborations on Plaintiff's conspiratorial narrative, including the claim that Defendant must have had Plaintiff's mother killed because the coroner listed her cause of death as "undetermined[.]" ECF No. 58, PageID.1092. Even if these factual claims had any

---

[2] Plaintiff has filed a purported affidavit from Kathryn Preston in which she falsely claims she received the Summons and Complaint on November 2, 2024 and personally provided them to the undersigned at a "meeting" on November 4, 2024. ECF No. 54. This is not the first fictitious affidavit from Ms. Preston that has been filed in this matter. Plaintiff filed in the State Court an affidavit in which Ms. Preston falsely claimed that a Michigan Court of Appeals judge threatened to rule against Plaintiff in other matters if Ms. Preston discontinued their extramarital affair. *See* ECF No. PageID.335-336, 109.

5

merit (and they obviously do not), they would still be irrelevant because Plaintiff's claim is time-barred.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File the Corrected, Updated and Timely Response to Defendant's Motion to Dismiss [ECF No. 57] should be denied in its entirety.

Dated:  December 20, 2024

Respectfully submitted,

**FINK BRESSACK**

By:   /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)
Calder A.L. Burgam (P87203)
*Attorneys for Defendant*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com
cburgam@finkbressack.com


**SHER TREMONTE**

Erica A. Wolff (application for admission forthcoming)
*Counsel for Defendant*
90 Broad St., 23rd Floor
New York, NY 10004
Tel.: (212) 202-2600
ewolff@shertremonte.com