UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DERRICK LEE CARDELLO-SMITH,

        Plaintiff,

v.

SEAN COMBS,

        Defendant.

Case No. 2:24-cv-12647

Hon. Judith Levy

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EMERGENCY HEARING [ECF No. 62]**

## **STATEMENT OF THE ISSUES PRESENTED**

1. Whether Plaintiff has established his entitlement to an "emergency hearing" or any other relief.[1]

Defendant's Answer: No.

---

[1] Plaintiff's Motion is titled "Motion for Leave to File a Motion for Emergency Hearing…" However, Plaintiff does not request that relief in the Motion. Rather, he requests that the Court "Grant an Emergency hearing and Stop All proceedings[.]" ECF No. 62, PageID.1301.

i

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

28 U.S.C. § 1446(d)

Once again, Plaintiff seeks to persuade this Court that he is the subject of an ever-growing conspiracy to frame him and cover up an alleged assault. Now, the conspiracy includes clerks of the Lenawee County Circuit Court, who, Plaintiff alleges, conspired with the undersigned counsel to delay the filing of Plaintiff's Motion for Reconsideration. Like virtually all of Plaintiff's filings, this Motion is based on an obvious fabrication—a forged "note" supposedly written by the Lenawee County Circuit Court clerk indicating that the undersigned counsel requested the clerk delay filing of Plaintiff's Motion for Reconsideration to facilitate removal.[2]

Even accepting Plaintiff's obvious fabrication at face value, the filing date of the Motion for Reconsideration is irrelevant to this Court's jurisdiction. Regardless of when the Motion for Reconsideration was filed, removal was effected when the Notice of Removal was filed in the Lenawee County Circuit Court on October 8, 2024. 28 U.S.C. § 1446(d); *see also*, *Westfield Club v. Dominique*, No. 1:07-cv-499, 2007 WL 1595889, at *1 n. 1 (W.D. Mich., May 31, 2007) ("The state court loses all jurisdiction to proceed immediately upon the filing of the notice of removal in

---

[2] In a telephone call with Defendant's counsel, the Lenawee County Circuit Court clerk confirmed that both the supposed "note" and the "filed" date stamps appended to Plaintiff's Motion were not placed on the documents by the clerk's office. Once again, the only logical inference is that Plaintiff's entirely implausible allegations are based upon a forged "note" and forged "filed" date stamps.

1

the federal court and a copy in the state court." (quoting *South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir. 1971) (brackets omitted)).

## CONCLUSION

For the foregoing reasons, Defendant asks that the Court:

1) Deny Plaintiff's Motion for Emergency Hearing in its entirety; and

2) Issue sanctions against Plaintiff for the frivolous filing pursuant to the Court's inherent authority and 28 U.S.C. § 1927.

Dated: January 2, 2025

Respectfully submitted,

**FINK BRESSACK**

By: /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)
Calder A.L. Burgam (P87203)
*Counsel for Defendant*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com
cburgam@finkbressack.com

**SHER TREMONTE**

Erica A. Wolff (application for admission forthcoming)
*Counsel for Defendant*
90 Broad St., 23rd Floor
New York, NY 10004

Tel.: (212) 202-2600
ewolff@shertremonte.com

3