UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DERRICK LEE CARDELLO-SMITH,

                    Plaintiff,                          Case No. 2:24-cv-12647

          v.                                            Hon. Judith Levy

SEAN COMBS,

                    Defendant.

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR SANCTIONS [ECF No. 70]

Plaintiff's rambling, abrasive, and incoherent Response to Defendant's Motion for Sanctions illustrates why his filings in this Court must be restricted as a sanction for his persistent abuse of the judicial process.[1] Defendant's Motion for Sanctions set forth the fundamental legal precepts and undisputed factual record—including dozens of improper, fabricated, forged, and irrelevant filings by Plaintiff—that demand the Court's intervention to stop Cardello-Smith from wreaking any further havoc on the federal judiciary.  In Response, Cardello-Smith deflects, citing irrelevant media content, invoking tabloid-fueled rumors, and lodging unsupportable *ad hominem* attacks on Defendant's counsel, while generally failing to address controlling law or meaningfully refute that documents he filed in this case are forged and full of lies.

Plaintiff contends sanctions are not warranted because—notwithstanding his "near daily" filings—the burden on Defendant has been minimal, as Defendant has made only "less than 10 filings with this Court[.]" (Response, ECF No. 89, PageID.1707-08.) In addition to understating the work involved in substantively

---

[1] It is not apparent that Plaintiff's Response is timely. Plaintiff was required to respond to Defendant's Motion for Sanctions by January 6, 2025. Plaintiff's Response was mailed on January 6, 2025 and entered by the Court on January 15, 2025. (ECF No. 89, PageID.1717, 1700.) While this Circuit recognizes a prison mailbox rule for certain filings (*e.g.*, civil complaints, habeas petitions, notices of appeal), *See Cretacci v. Call*, 988 F.3d 860, 865-66 (6th Cir. 2021), it is not clear that the rule applies to an ordinary motion response and Plaintiff cites no authority for that proposition in his Response.

addressing Plaintiff's outrageous claims, that figure, of course, does not include the extensive briefing Defendant was compelled to make in the state court prior to removal as a result of Plaintiff's unscrupulous efforts to obtain an improper $100 million default judgment. More significantly, it ignores the burden that such filings impose on this Court. Sanctions are warranted because Plaintiff has made more than 70 filings in this case in state and federal court, nearly all of which are fraudulent, baseless and/or duplicative (if not all three). Plaintiff's filings include three documents that falsely state Defendant has offered to settle this matter—two of which contain a fake settlement agreement with a forgery of Defendant's signature. (ECF No. 19; ECF No. 41, PageID.769; ECF No. 48, PageID.992.) Plaintiff has filed at least seven documents either asking the Court to remand this case to state court or purporting to unilaterally "remove" the case to state court. (ECF Nos. 4, 9, 12, 22, 29, 31, 36.) Plaintiff's deluge of frivolous filings have wasted this Court's resources and required Defendant to file seven motion responses, thereby incurring significant legal fees. (ECF Nos. 20, 25, 26, 30, 66, 68, 80.) Plaintiff has not been deterred by the filing of Defendant's Motion for Sanctions. Indeed, since that time, Plaintiff has filed an additional fourteen documents [ECF Nos. 71, 73, 74, 75, 76, 77, 78, 79, 82, 83, 84, 85, 87, 90] each more frivolous and facially absurd than the previous, including a "Notice of Intent to Seek Restraining Order," in which he falsely claims he had a "Legal Visit" with the undersigned counsel. (ECF No. 79, PageID.1650.)

Plaintiff claims that attorney fees may not be awarded because the Motion was not accompanied by a bill of costs (Response, ECF No. 89, PageID.1715.) Contrary to Plaintiff's conclusory assertion, no applicable rule requires a sanctions motion to include such a bill of costs.[2] Of course, a district court may grant a motion for sanctions and then determine the amount of attorney fees to be awarded in a separate order. *See King v. Whitmer*, 71 F.4th 511, 519 (6th Cir. 2023) (noting, without comment, that the district court granted motion for sanctions under Rule 11, 28 U.S.C. § 1927 and the court's inherent authority, and then determined the amount of attorney fees to be paid by the sanctioned attorneys in a subsequent order).

Finally, Plaintiff claims that sanctions are not warranted because Defendant, not Plaintiff, chose to remove this case to federal court and to file a Motion to Dismiss. (Response, ECF No. 89, PageID.1706.) That Defendant—in the face of Plaintiff's frivolous, vexatious, state court filings—sought to defend his interests by appropriately invoking the protection of the federal courts and moving to dismiss the insufficiently pled complaint does not absolve Plaintiff of the responsibility he bears for pursing this baseless litigation (and multiplying it with "near daily" submissions that serve no purpose except to harass).  Not surprisingly,  removal of this matter has no bearing on Defendant's ability to seek sanctions. *See*, *e.g.*, *Bockrath v. Gen.*

---

[2] While the Michigan Court Rules (which do not apply here) contain a requirement that a party seeking costs file a "bill of costs," *see* Mich. Ct. R. 2.625, the Federal Rules of Civil Procedure do not.

3

*Motors Delphi Corp.*, No. 3:07CV784, 2008 WL 440456, at *1 (N.D. Ohio, Feb. 13, 2008) (dismissing plaintiff's argument that Rule 11 sanctions could not be awarded after removal of case by defendant and awarding defendant attorney fees incurred defending "unfounded" lawsuit.). It is Plaintiff's prosecution of this frivolous lawsuit and multiplication of meritless filings—not Defendant's rightful invocation of federal jurisdiction—that has caused Defendant to needlessly incur substantial costs.

## CONCLUSION

In his Response, Cardello-Smith all but concedes that, left unrestrained, he will continue "filing documents daily" (Response, ECF No. 89, PageID.1710). Having seen a broad sampling of the quality and purpose of his filings, that is not an acceptable outcome—not for Defendant who must respond to the barrage of meritless filings and not for the Court which must resolve them. For the foregoing reasons, and the reasons set forth in Defendant's opening brief, Defendant respectfully asks that the Court grant his Motion for Sanctions [ECF No. 70] in its entirety.

Dated:  January 22, 2025

Respectfully submitted,

**FINK BRESSACK**

By:   /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)

Calder A.L. Burgam (P87203)
*Attorneys for Defendant*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com
cburgam@finkbressack.com

**SHER TREMONTE**

Erica A. Wolff (application for
admission forthcoming)
*Counsel for Defendant*
90 Broad St., 23rd Floor
New York, NY 10004
Tel.: (212) 202-2600
ewolff@shertremonte.com