# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Derrick Lee Cardello-Smith,

               Plaintiff,        Case No. 24-cv-12647

v.                            Judith E. Levy
                            United States District Judge

Sean Combs,

                            Mag. Judge Kimberly G. Altman

               Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [2], DENYING PLAINTIFF'S MOTION FOR PERMISSION TO FILE AN INTERLOCUTORY APPEAL [45], AND DENYING DEFENDANT'S MOTION FOR SANCTIONS [70]

Before the Court is Defendant's Motion to Dismiss, (ECF No. 2), Plaintiff's Motion for Permission to File an Interlocutory Appeal, (ECF No. 45), and Defendant's Motion for Sanctions. (ECF No. 70.) For the reasons set forth below, Defendant's Motion to Dismiss is granted, Plaintiff's Motion for Permission to File an Interlocutory Appeal is denied, and Defendant's Motion for Sanctions is denied.

## I.    Background

Plaintiff, who is pro se, filed his complaint in the Lenawee County Circuit Court on June 10, 2024. (ECF No. 1, PageID.10.) He is currently incarcerated at the Earnest C. Brooks Correctional Facility in Michigan. (*Id.* at PageID.15.) Defendant, who describes himself as a "music mogul," (ECF No. 2, PageID.579), is currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York. (ECF No. 1, PageID.2.)

Plaintiff alleges that "on or about" June 14, 1997, in Detroit, Michigan, Defendant invited him to a social gathering at a hotel where Defendant raped him. (*Id.* at PageID.13–14.) He also alleges that Defendant conspired with others to cover up his actions. (*Id.* at PageID.14.) He asserts that he is bringing a claim for personal injury against Defendant and that he seeks $100,000,000.00 in damages.[1] (*Id.*)

Before the case was removed to this Court, the state court entered a temporary restraining order and a default judgment against Defendant. The state court later held that Defendant was likely to have a meritorious defense based on the statute of limitations and found that

---

[1] In a different filing, Plaintiff states that he is seeking $400,000,000.00. (ECF No. 7.)

Defendant was not properly served with the summons and complaint, so it set aside the temporary restraining order and vacated the default judgment. (*See id.* at PageID.547–549.) Defendant removed the case to this Court on October 7, 2024. (ECF No. 1.)

On October 14, 2024, Defendant filed a motion to dismiss. (ECF No. 2.) Plaintiff responded, (ECF No. 42), and Defendant replied. (ECF No. 63.)

Plaintiff also sought leave to file another version of his response to the motion to dismiss, (ECF No. 57), which Defendant opposed. (ECF No. 68.) Plaintiff later replied. (ECF No. 86.) Without leave of this Court, Plaintiff filed an alternate version of his response, which he titled a "corrected, updated and timely copy" of his response to the motion to dismiss. (ECF Nos. 58, 64.) Among other things, it supplemented his earlier version of the response by adding arguments related to service of the complaint and opposing Defendant's arguments about the plausibility of his claim. (ECF No. 58, PageID.1084–1094.) Plaintiff later sought leave to file a sur-reply. (ECF No. 87.)

Plaintiff also filed a motion asking the Court to remand the case to state court, (ECF No. 4), followed by several similar motions and other

related requests, which the Court denied. (*See* ECF No. 35.) Plaintiff then sought permission for an interlocutory appeal with respect to whether removal from state court was proper. (ECF No. 45, PageID.976.) After Plaintiff's second filing seeking an interlocutory appeal, (ECF No. 50), Defendant responded in opposition. (ECF No. 66.) Plaintiff replied. (ECF No. 88.)

Defendant filed a motion for sanctions against Plaintiff asking the Court to "permanently enjoin Plaintiff from filing in federal court without prior court approval, impose monetary sanctions, and strike all his filings from this case's docket." (ECF No. 70, PageID.1593.) Plaintiff responded in opposition. (ECF No. 89.) Defendant replied. (ECF No. 91.)

## II.    Legal Standard

Because Plaintiff is self-represented, the Court construes his pleadings and filings liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v.*

4

*Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## III.   Analysis

### A.   Motion to Dismiss

Defendant seeks dismissal of Plaintiff's claims, arguing that Plaintiff is time-barred from bringing this case, that he failed to properly serve Defendant with the summons and complaint, and that the complaint "consists of inconsistent and totally implausible allegations." (ECF No. 2, PageID.577–578.) Because Plaintiff's claim is time-barred, the Court grants the motion to dismiss.

5

Before proceeding to the substance of the dispute over the statute of limitations, the Court addresses Plaintiff's motion for leave to file a "corrected, updated and timely copy" of his response to the motion to dismiss, (ECF No. 57), and his motion for leave to file a sur-reply to the motion to dismiss. (ECF No. 87.) For the reasons set forth below, the Court will grant the motion to dismiss, so granting Plaintiff leave to file these documents for the Court's consideration will not prejudice Defendant. Accordingly, the Court grants both motions for leave to file. (ECF Nos. 57, 87.)

Defendant argues that Plaintiff's claim is barred by the applicable statute of limitations. (ECF No. 2, PageID.577.) The Sixth Circuit has set forth that granting a motion to dismiss under Rule 12(b)(6) based on a statute of limitations

> is warranted if the allegations in the complaint affirmatively show that the claim is time-barred. Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run, and if the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations.

*Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (cleaned up); *see also New Eng. Health Care Emps. Pension Fund v. Ernst*

*& Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted when the statement of the claim affirmatively shows that the plaintiff can prove *no* set of facts that would entitle him to relief." (cleaned up)).

Plaintiff alleges that Defendant sexually assaulted him in 1997. (ECF No. 1, PageID.13.) Under Michigan law, a claim accrues, and the period of limitations begins to run "at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL § 600.5827. More specifically, "a cause of action for tortious injury accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint." *Stephens v. Dixon*, 449 Mich. 531, 539 (1995) (cleaned up). The applicable statute of limitations is determined based on "the law under which the right accrued," MCL § 600.5869, meaning it is determined based on the law in effect at the time a cause of action accrues. *Herman v. Ford Motor Co.*, 119 Mich. App. 639, 646–47 (1982). In 1997, when the alleged wrong was done, the applicable statute of limitations for Plaintiff's claim was three years. *See McLain v. Roman Cath. Diocese of Lansing*, No. 165741, 2024 WL 3363931, at *6

7

(Mich. July 10, 2024); *see also* MCL § 600.5805(2) (setting forth that the applicable statute of limitations "is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property"). Plaintiff filed this lawsuit in 2024, which is long after the applicable statute of limitations expired.[2] (ECF No. 1, PageID.10.)

Plaintiff asserts that the statute of limitations should be tolled. (ECF No. 42, PageID.782.) The core of his argument is that he faced a variety of retaliatory threats from Defendant and public officials that made him feel unsafe filing a lawsuit until Defendant was "[r]aided" by federal government agents. (*Id.* at PageID.789.)

To determine whether any exceptions to the statute of limitations applies, the Court must apply Michigan's tolling provisions. *See Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017) (holding that for "state-law claims . . . federal tolling doctrine does not apply; instead, claims arising under state law are governed by state tolling doctrine"). Under

---

[2] As Defendant points out, even if the Court (incorrectly) applied a ten-year statute of limitations based on changes to Michigan law that occurred after the alleged events, *see McLain*, 2024 WL 3363931, at *6, the statute of limitations still would have expired by the time Plaintiff raised his claims.

Michigan law, exceptions to statutes of limitations must be "strictly construed." *Mair v. Consumers Power Co.*, 419 Mich. 74, 79 (1984). The Michigan Supreme Court has cautioned against the "unrestrained use of equity" in the context of statutes of limitations. *Trentadue v. Buckler Lawn Sprinkler*, 479 Mich. 378, 407 (2007). Further, "equitable tolling cannot be applied to unambiguous statutory language." *Titan Ins. v. North Pointe Ins.*, 270 Mich. App. 339, 345 (2006) (discussing tolling in insurance cases). Michigan law includes certain exceptions to the statute of limitations, *see, e.g.*, MCL § 600.5855, and allows for equitable tolling when a plaintiff detrimentally relies on "confusing, pre-existing case law." *Trentadue*, 479 Mich. at 406.

Plaintiff argues that the statute of limitations should be tolled based on a variety of doctrines, but he does not point to any ambiguous statutory language, applicable statutory exceptions, or confusing Michigan case law. Instead, he cites to inapplicable federal equitable tolling doctrines, such as cases related to claims under the Federal Tort Claims Act and *Bivens*. (*See, e.g.*, ECF No. 42, PageID.785 (citing *Zappone v. United States*, 870 F.3d 551 (6th Cir. 2017); *Doe v. United States*, 76 F.4th 64 (2d Cir. 2023)).)

9

Plaintiff also relies upon the continuing violations doctrine, (ECF No. 42, PageID.798 (referring to the "continuous violations doctrine" (emphasis omitted))), which has been abrogated in Michigan. *See Marilyn Froling Revocable Living Tr. v. Bloomfield Hills Country Club*, 283 Mich. App. 264, 280–86 (2009). The cases Plaintiff cites as supporting his argument based on this doctrine are inapplicable. (*See* ECF No. 42, PageID.803–806.) For instance, one case Plaintiff cites related to this doctrine is about a constitutional challenge to an Ohio statute. *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516 (6th Cir. 1997). To the extent Plaintiff intends to offer a constitutional challenge to the Michigan statute setting forth the applicable statute of limitations, none of the cases he cites hold that such a statute is unconstitutional, nor does he establish any constitutional violation resulting from the statute at issue—or any other applicable rule. (*See* ECF No. 42, PageID.803–806.) Plaintiff's arguments for tolling the statute of limitations therefore fail.

Accordingly, Plaintiff's claim is barred by the applicable Michigan statute of limitations and must be dismissed with prejudice. *See Majors v. Gerlach*, No. 16-13672, 2017 WL 3581321, at * 4 (E.D. Mich. Aug. 18,

2017) (dismissing with prejudice based on the applicable statute of limitations).

## B.   Interlocutory Appeal

Plaintiff also seeks permission to file an interlocutory appeal regarding the Court's denial of Plaintiff's motion to remand the case to state court. (ECF Nos. 45, 50.) A district court's orders are ordinarily subject to appeal only when final. 28 U.S.C. § 1291. Under a narrow statutory exception, however, a court may permit the appeal of a non-final order if it is "of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b); *see also In re Trump*, 874 F.3d 948, 950–51 (6th Cir. 2017).

The moving party has the burden to show that each requirement of § 1292(b) is satisfied, *see In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2012), and the district court must "expressly find in writing that all three § 1292(b) requirements are met," *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); 28 U.S.C. § 1292(b). Interlocutory appeals are

"granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

In seeking an interlocutory appeal, Plaintiff asserts that he disagrees with the Court's rulings. (ECF No. 45, PageID.977; ECF No. 88, PageID.1694–1695.) He also accuses the Court of bias, because it held that certain distinctions drawn by Plaintiff were not relevant to the Court's ruling regarding removal. (ECF No. 45, PageID.977.) Plaintiff also asserts that before the Court rules on any motions in this case, including the motion to dismiss, the Court of Appeals should answer whether the "entire list of laws and approach the District Court has taken" regarding jurisdiction "is a question for the Court of Appeals." (*Id.* at PageID.978.) He also asserts that doing so will be in the interest of all parties and will not prejudice Defendant. (*Id.*)

Defendant responds that Plaintiff has failed to meet his burden in seeking to file an interlocutory appeal. First, Defendant argues that Plaintiff has not identified any controlling issue of law, because the arguments he presents are related to factual disputes about Defendant's residence. (ECF No. 66, PageID.1572–1573.) Second, Defendant argues that Plaintiff does not establish that there is a substantial basis for a

difference of opinion. (*Id.* at PageID.1574.) Third, Defendant argues that permitting an interlocutory appeal would not advance the litigation, because a motion to dismiss that would resolve the litigation is pending. (*Id.*)

Plaintiff does not meet his burden of establishing exceptional circumstances warranting an interlocutory appeal of the Court's denial of his motion to remand. Even assuming Plaintiff meets the "low bar" of demonstrating that a controlling question of law is at issue, which Defendant contests, Plaintiff fails to adequately address the other factors. *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875 (E.D. Mich. 2012).

He does not establish that there is a substantial basis for a difference of opinion. A basis for a difference of opinion exists

> when: (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*Id.* at 876. Plaintiff does not address any of these factors. He argues that a difference of opinion regarding Michigan state law will emerge, but his

reason for that appears to be based largely on his own disagreement with the Court. (ECF No. 88, PageID.1694–1696.) Plaintiff references a case in which he is a plaintiff, but he does not explain why it satisfies any of the factors set forth above. (*Id.* at PageID.1697.) Failure to establish a substantial basis for a difference of opinion means that Plaintiff has not met his burden and permission to pursue an interlocutory appeal is not warranted. *See Doe v. ProMedica Health Sys., Inc.*, No. 20-CV-1581, 2020 WL 7705713, at *3 (N.D. Ohio Dec. 14, 2020).

Plaintiff's failure to establish that an interlocutory appeal would advance the litigation also requires the denial of permission to pursue an interlocutory appeal. He asserts that it will do so without explanation. (ECF No. 88, PageID.1696.) Courts have held that interlocutory appeals related to motions for remand do not preserve resources or accelerate litigation. *See ProMedica Health Sys., Inc.*, 2020 WL 7705713, at *3; *Ritchie v. New York Life Ins. Co.*, No. 23-70, 2024 WL 4649235, at *4 (E.D. Ky. Aug. 1, 2024). And as set forth above, the case must be dismissed based on the applicable statute of limitations. An interlocutory review would therefore not prevent "protracted and expensive litigation." *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022) (quoting *Little v. Louisville*

14

*Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015)). Granting permission for an interlocutory appeal would not "accelerate" the conclusion of this litigation, because this litigation has now reached a final conclusion. *Id.* at 1009.

Accordingly, Plaintiff's motion for permission to file an interlocutory appeal is denied.

### C.   Sanctions

Defendant also asks that the Court sanction Plaintiff. (ECF No. 70.) He asks the Court to "permanently enjoin Plaintiff from filing in federal court without prior court approval, impose monetary sanctions, and strike all his filings from this case's docket." (*Id.* at PageID.1593.) Defendant seeks these remedies pursuant to the Court's inherent power, the All Writs Act, 28 U.S.C. § 1651(a), and 28 U.S.C. § 1927. (ECF No. 70, PageID.1600–1601.)

Defendant provides several grounds for his request. He alleges that Plaintiff's allegations are "wholesale fabrications," Plaintiff has forged documents, and Plaintiff has filed "meritless" and duplicative documents. (*Id.* at PageID.1602–1603.) Defendant also asserts that Plaintiff is a

15

"serial filer" whose cases have been repeatedly dismissed. (*Id.* at PageID.1603.)

Defendant also accuses Plaintiff of litigating with the goal of "harass[ing] and extort[ing] Mr. Combs." (*Id.* at PageID.1606.) He asserts that Plaintiff has lied to the Court "repeatedly" and fabricated evidence. (*Id.* at PageID.1606–1610.)

Plaintiff responds by alleging that Defendant is an "admitted liar" who is attempting to retaliate against Plaintiff. (ECF No. 89, PageID.1702–1703.) He also asserts that he has attempted to follow court rules and will comply with the Court's orders. (*Id.* at PageID.1703.) Plaintiff acknowledges that he is a restricted filer in the Western District of Michigan as a result of his habeas litigation there, but he asserts that he has complied with that court's orders and intends to continue doing so. (*Id.* at PageID.1703.) He also denies that his past lawsuits were frivolous. (*Id.* at PageID.1705.) He further denies that his lawsuits against Defendant are duplicative or brought in bad faith. (*See id.* at PageID.1707, 1712.)

The Sixth Circuit has held that

[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious

16

> litigation. *See, e.g., Filipas v. Lemons,* 835 F.2d 1145, 1146
> (6th Cir. 1987). Moreover, we see nothing wrong . . . with an
> order that restrains not only an individual litigant from
> repeatedly filing an identical complaint, but that places limits
> on a reasonably defined category of litigation because of a
> recognized pattern of repetitive, frivolous, or vexatious cases
> within that category.

*Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). An

individual cannot "be absolutely foreclosed from initiating an action in a

court of the United States, though it is permissible to require one who

has abused the legal process to make a showing that a tendered lawsuit

is not frivolous or vexatious before permitting it to be filed." *Tropf v.

Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 940 (6th Cir. 2002) (quoting

*Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir. 1996)). The Sixth Circuit

has instructed courts to exercise "restraint and discretion" with respect

to sanctions, however. *Murray v. City of Columbus*, 534 F. App'x 479, 485

(6th Cir. 2013) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991)).

The Court's inherent power to sanction is discretionary and need not be

exercised even when the Court "has determined that some wrongdoing

has occurred." *Id.* at 485. Courts in this district consider the following

factors when deciding whether to impose pre-filing requirements on

litigants:

1. The litigant's history of litigation and in particular whether it entails vexatious, harassing, or duplicative lawsuits;

2. The litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing?

3. Whether the litigant is represented by counsel;

4. Whether the litigant caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

5. Whether other sanctions would be adequate to protect the courts and the other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

*Tropf*, 289 F.3d at 940 n.18 (quoting *Ortman v. Thomas*, 906 F. Supp. 416, 421–22 (E.D. Mich. 1995)).

First, Plaintiff has an extensive history of litigation that includes cases that were deemed frivolous and duplicative. At least one court has held that Plaintiff "appears to have fabricated evidence." *Smith v. Burk*, 19-cv-1018, 2022 WL 4395911, at *2 (W.D. Mich. Sep. 22, 2022). Plaintiff "has had at least seven civil rights complaints dismissed for being frivolous or malicious or for failing to state a claim." *Cardello-Smith v.*

18

*Combs*, No. 24-cv-12737, 2024 WL 4819571, at *1 (E.D. Mich. Nov. 18, 2024) (collecting cases). Plaintiff's litigation record includes many cases that courts have deemed meritless or duplicative. *See Smith v. Penman*, No. 20-cv-12052, 2021 WL 634733, at *4 (E.D. Mich. Feb. 18, 2021); *Smith v. Steward*, No. 1:21-cv-124, 2021 WL 457285, at *1 (W.D. Mich. Feb. 9, 2021) ("Petitioner has filed many, many habeas corpus petitions in this Court and the United States District Court for the Eastern District of Michigan. Each of his prior petitions has been denied, dismissed, or transferred to the Sixth Circuit Court of Appeals as second and/or successive."); *Smith v. Brock*, No. 1:22-cv-149, 2023 WL 11885731, at *1 (W.D. Mich. Feb. 27, 2023) (collecting cases, some of which were deemed "frivolous" or "duplicative").

Second, Plaintiff's duplicative lawsuits provide some evidence of improper motive, though the parties dispute the extent to which Plaintiff is engaging in duplicative litigation. *See Roy v. United States Gov't*, No. 09-11905, 2009 WL 1449090, at *1 (E.D. Mich. May 21, 2009) ("A malicious complaint is one that duplicates allegations of another pending federal lawsuit by the same plaintiff." (cleaned up)). Plaintiff's restricted filer status and the fact that other courts have found that Plaintiff has

19

engaged in duplicative litigation supports the conclusion that Plaintiff lacks a good faith expectation of prevailing in at least some of his litigation. As to the lawsuits Plaintiff has filed against Defendant, Plaintiff strenuously argues that they are not intended to be duplicative. (ECF No. 85 (distinguishing this case from Plaintiff's other case against Defendant in the Eastern District of Michigan); ECF No. 89, PageID.1707 (asserting Plaintiff's second state-court case against Defendant was filed in error).)

Third, Plaintiff is a pro se litigant.

Fourth, Plaintiff has docketed numerous filings in a period of several months. Some filings are duplicative. (*See, e.g.*, ECF Nos. 45, 50.) Some of them appear to be fabricated or forged, in addition to being duplicative. (*See, e.g.*, ECF Nos. 41, 48 (a filing that Plaintiff presents as a stipulated order of dismissal signed by Defendant and sent without his counsel's knowledge, in which "Brooklyn" is misspelled and Defendant purportedly admits guilt, in addition to offering sexual commentary about Plaintiff and several celebrities).) Many of his filings involve his allegations of a complex conspiracy against him. (*See, e.g.*, ECF Nos. 49, 55.) Plaintiff has filed many of these in no particular order (at least none

20

that the Court can discern) and often without any connection to a motion. Plaintiff has also filed several notices stating his intent to call a variety of "material witnesses," including well-known celebrities. (ECF Nos. 56, 60.) One notice makes a variety of allegations against Defendant's counsel and states Plaintiff's intent to seek a restraining order against him. (ECF No. 79.) When filings are duplicative or otherwise unnecessary, it wastes the Court's resources and clutters its docket, making it more difficult to manage litigation. *In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.") These practices are burdensome even if, as Plaintiff insists, his intent is to present "all facts to this Court" and to respect the applicable rules. (ECF No. 89, PageID.1703.)

Fifth, the parties strenuously disagree over what sanctions—if any—are necessary and appropriate here. Defendant seeks broad sanctions restricting Plaintiff from filing lawsuits in federal court without prior authorization, as well as monetary sanctions. Courts have recognized "the general principle that sanctions should not be more severe than is reasonably necessary." *Sanford v. Standard Fed. Bank*,

21

No. 10-12052, 2011 WL 721314, at *9 (E.D. Mich. Feb. 23, 2011); *see also*

*Tropf*, 289 F.3d at 940. With the issuance of this order, Plaintiff's cases

against Defendant have all been dismissed. His state-court case in

Monroe County was dismissed in September 2024. (ECF No. 70,

PageID.1596.) His other federal case against Mr. Combs was dismissed

as well. *Cardello-Smith v. Combs*, No. 24-cv-12737, 2024 WL 4819571

(E.D. Mich. Nov. 18, 2024). This order dismisses his third lawsuit against

Mr. Combs.

    If the Court could be confident that dismissal would deter Plaintiff

from further duplicative lawsuits or filings against Defendant, then that

would favor less restrictive sanctions or a warning. However, the Court

notes that despite the dismissal of Plaintiff's other federal case against

Defendant, he has continued to file on that docket. The Court is therefore

concerned that Plaintiff, when he is a losing party in a case, will resist

being bound by the Court's decision and will persist in duplicative or

frivolous filings. *See Ortman*, 906 F. Supp. at 422 ("injunctive sanctions

may be appropriate, even where the litigant has not been involved in

multiple actions, where that litigation has been unusually protracted or

burdensome, and the losing party simply refuses to bound by the

outcome." (citing *Michigan v. City of Allen Park*, 573 F. Supp. 1481, 1487 (E.D. Mich. 1983))).

Nonetheless, the Court has not yet warned Plaintiff of the risk that he will be deemed a vexatious litigator and enjoined, which is a common practice before imposing restrictions on litigants. *See Viola v. Cuyahoga Cnty. Land Bank*, No. 21-cv-1196, 2021 WL 5015486, at *8 (N.D. Ohio Oct. 28, 2021) *aff'd*, *Viola v. Cuyahoga Cnty. Land Reutilization Corp.*, No. 21-4139, 2023 WL 3725063 (6th Cir. Feb. 15, 2023). The Court cautions Plaintiff to refrain from duplicative, frivolous, or harassing filings, including the filing of additional lawsuits related to the allegations in this case or the filing of unnecessary papers on the dockets of cases that have been dismissed. Failure to heed this warning will result in significant pre-filing restrictions being placed on Plaintiff. *See, e.g.*, *id.* at 9–10.

Defendant also asks the Court to "strike all Plaintiff's filings from the record under its inherent power." (ECF No. 70, PageID.1616.) The Court has "inherent authority" to manage its docket and affairs "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). "The court may strike

23

improvident filings based on its inherent authority to manage its own docket." *Sultaana v. Jerman*, No. 15-cv-382, 2019 WL 6343475, at *5 (N.D. Ohio Nov. 27, 2019) (citing *Am. Civil Liberties Union of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010)). Courts routinely strike duplicative filings. *See, e.g.*, *Artis v. Gaines*, No. 22-10537, 2022 WL 22836043, at *1 (E.D. Mich. June 2, 2022). Courts also strike irrelevant, abusive, or otherwise improper materials from the docket. *Landberg v. Newburgh Heights Police Dep't*, No. 17-CV-298, 2018 WL 2899660, at *1 n.1 (N.D. Ohio June 11, 2018); *Sinomax USA, Inc. v. Am. Signature, Inc.*, No. 21-cv-3925, 2023 WL 2752488, at *2 (S.D. Ohio Apr. 3, 2023).

As set forth above, Plaintiff has filed duplicative and improper materials in this case. Given that this order disposes of Plaintiff's case, going through the exercise of striking materials from the docket will not further the efficient and expedient resolution of this case. At this time, the Court declines to strike any of Plaintiff's filings, but it will reconsider this remedy if he persists in filing duplicative and improper materials.

Defendant also seeks monetary sanctions against Plaintiff. (ECF No. 70, PageID.1615.) Courts have imposed such sanctions against pro se

24

litigants in lengthy frivolous cases, *Ziegler v. Two Unknown 50th Dist. Officers*, No. 18-12424, 2020 WL 32553, at \*2–3 (E.D. Mich. Jan. 2, 2020), or after repeated warnings, *Gitler v. Ohio*, 632 F. Supp. 2d 722 (N.D. Ohio 2009); *see also McKenna v. Nestle Purina PetCare Co.*, No. C2–05–976, 2011 WL 14418, at \*4 (S.D. Ohio Jan. 11, 2011) ("[P]rior to imposing attorneys' fees on a *pro se* litigant, a court must first put the litigant on notice that additional inappropriate behavior will result in the imposition of fees.") The Court has not issued any warnings in this case. It therefore declines to impose monetary sanctions at this time, though it cautions Plaintiff that failure to heed the Court's warnings put him at risk of incurring monetary sanctions.

Accordingly, as set forth above, Defendant's motion for sanctions is denied. However, the Court cautions Plaintiff that it will impose appropriate sanctions if he disregards the Court's warnings and admonitions in this order.

## IV.   Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Leave to File the Corrected, Updated, and Timely Copy of the Plaintiff's Answers to the Defendant's Motion to Dismiss, (ECF No. 57),

GRANTS Plaintiff's Motion for Leave to File a Sur Reply to Defendant's Reply Brief in Support of Motion to Dismiss, (ECF No. 87), GRANTS Defendant's Motion to Dismiss, (ECF No. 2), DENIES Plaintiff's Motion for Permission to File Interlocutory Appeal, (ECF No. 45), and DENIES Defendant's Motion for Sanctions. (ECF No. 70.)

The Court DENIES AS MOOT Plaintiff's Request for Oral Arguments on the Pending Motions, (ECF No. 8), Plaintiff's Motion to Secure the Sexual Assault Kit Results, (ECF No. 13), and Plaintiff's Motion for Leave to File a Motion for Emergency Hearing. (ECF No. 62.)

Accordingly, the case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: January 22, 2025          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2025.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager