UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE CARDELLO-SMITH,
   Plaintiff,

Vs

File # 5:24-cv-12647

Honorable Judith Levy

SEAN COMBS,
   Defendant,
_____/

**PLAINTIFFS REPLY TO THE DEFENDANTS RESPONSE
IN OPPOSITION TO PLAINTIFFS MOTION FOR PERMISSION
TO FILE AN INTERLOCUTORY APPEAL TO THE SIXTH CIRCUIT**

   Now comes the Plaintiff Cardello-Smith in the above cause and hereby files this reply to the Defendants Response in Opposition to the Plaintiffs Motion for Permission to File an Interlocutory Appeal and state the following factors detailing why the Court Should grant the Plaintiff Permission to file an interlocutory Appeal herein the Brief in Support.

Respectfully Yours,

12-27-24

Mr. Derrick Lee Cardello-Smith
#267009
Plaintiff in Pro Per
E.C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon, MI 49444

1

BRIEF IN SUPPORT

Plaintiff has in fact clearly identified many reasons why the court should grant permission to file an interlocutory appeal as detailed in the original motion for permission, the only problem is that the defendants know that they have a serious chance on losing this case because of the many factors detailed with the entire combination of plaintiffs filings. Plaintiff will deal with the many factors the defendants have detailed in their filings individually for the courts time is valuable and this matter is critical to this plaintiffs constitutional rights.

Plaintiff has Identified grounds that SUPPORT CERTIFICATION OF AN INTERLOCUTORY APPEAL UNDER 28 USC § 1292(b) and states the following:

1. Plaintiff has constitutional issues that should be resolved by the Court of Appeals.

2. The District Courts application of the Rulings on the Final Decision of this Plaintiffs Motion to Remand.

3. Plaintiff believes that the Denial of the Motion to Remand was based on an Incorrect Application of MCR 2.105 (A)(2) when it required the Plaintiff to use RESTRICTED DELIVERY when the same Michigan Court Rule of MCR 2.105(B)(2) only requires CERTIFIED MAIL WITH RETURN RECEIPT and that is what the Plaintiff has done.

4. Plaintiff believes that this Courts Application of A over B creates a serious constitutional issue and State law issue that has allowed This Court to Incorrectly deny this Plaintiffs Motion to Remand where it applied 2.105(a) over 2.105B as that plaintiff states it says MAY use A or B not SHALL and the District Courts Mandatory Application of A wrongly implicates section (2) of A when in fact the SHALL PART OF A(2) only applies IF THE PLAINTIFF CHOOSES TO USE A and Plaintiff did not choose to use A and Chose B and that

Selection of B2 makes it MANDATORY that the PLAINTIFF SHALL USE CERTIFIED AND RETURN RECEIPT. Plaintiff made the Selection of MCR 2.105 (B)(2) and the Court simply said that "I cannot overlook MCR 2.105(A)(2).

5. Plaintiff believes that this courts denial of the motion to remand is wrong and failed to fully consider this Plaintiffs Due Process Rights that have been implicated in this matter and it should be corrected by the Us Court of Appeals, on this issue of Which court rule is correct.

6. Plaintiff states that the Defendants have worked in collusion with the 39th Circuit Court Clerks office to delay the Plaintiffs Timely filed Motion for Reconsideration of the Default Judgement and stopped it from being filed on the 27th of September as they received it and stamped it so and did not do it until October 7, 2024 to allow for the Defendants to Remove the Cased to Federal Court where they could get this matter dismissed and deprive the Plaintiff of Justice for the rape upon this Plaintiff by the Defendant, and that matter should be reviewed by the Court of Appeals as well.

7. Plaintiff believes that the Court of Appeals should answer the Question of Service upon Defendant Combs Private Michigan residences and his agents who were served correctly, as proven by the certified Mail Receipts attached in the record, which the Defendant keep avoiding saying has happened, and keep attempting to get this Court to believe that Service was Not made on his Michigan residence as Kathryn Preston and George Preston have stated they has been done.

8. Plaintiff asserts that the Defendants have failed to disprove service upon their clients Michigan residence and in doing so, HAVE FAILED TO SHOW THAT IT HAS IN FACT TAKEN PLACE and Failed to answer that claim with meritorious case law, and it should be cast aside and allowed to proceed to the Court of Appeals.

9. Plaintiff was granted a Default Judgment because the Defendant failed to Answer the Complaint, and they worked to remove that claim and escape from the justice that this

Plaintiff is entitled to on many levels and it is with a heavy heart that this Plaintiff has had to ask this court to allow this matter to proceed to the Higher Court on this Issue because plaintiff believes that his matter should not have been removed to the Federal court and should be answered by the Higher Court.

10. Defendants have even provided this Court with the very grounds why this Case should be allowed to have it certified for an interlocutory appeal as that (1) the Order involves a Controlling question of law, (2) a Substantial grounds for difference of opinion exists regarding the correctness of the decision, and 93) an immediate appeal may materially advance the ultimate termination of the litigation..

With these factors being named and submitted by the Defendants, Plaintiff states that he has demonstrated that the above listed grounds fall within all 3 prongs where 1, the order involves application of MCR 2.105(A((1) and MCR 2.105(B)(2), (2) the Implication of said MCr 2.105(A)(B) and its choice being left up to the Person selecting Service under the "MAY" standard that comes first before (A) or (B) will in fact create a difference of opinion regarding the correctness of the district courts decision and (3) an immediate appeal may materially advance the ultimate termination of the litigation.

I state that I have met all 3 prongs because the factors articulated offer a different application of controlling law, and it shows that the higher panel of judges may in fact wish to enter a different opinion favorable to the plaintiff on the correctness of MCR 2.105(B)(2) being an avenue that I have a right to choose from, and finally, Plaintiff intends to fully appeal this case to the Court of Appeals upon the final judgement of the Courts decision if it rules in favor of the Defendant and grants their dismissal of this action, as that the Plaintiff has been raped by the Defendant, that rape was covered up by non-defendants to further his rape of this

plaintiff and for the other factors detailed within this matter which can most assuredly be appealed to the United States Court of Appeals upon entry of any final judgment this Court may enter against this Plaintiff, and most certainly the issues of SERVICE that the Defendants keep on stating is in fact something that is very crucial to the issue that this Plaintiff would like to have certified to the Court of Appeals.

Simply because the Defendant say that the Plaintiff has not established any elements does not make it so, when in fact, Plaintiff has made the showing of the elements for certifying an appeal and that is because the District Court erred in denying the Motion to Remand based on the grounds contained within this pleading and it is because the Defendant HAS MAINTAINED A RESIDENCE IN MICHIGAN.

The Plaintiff has provided proof that defendant Combs has maintained a residence in Michigan by way of AFFIDAVITS OF CO-INVESTORS.

Plaintiff rejects the defendants claims entirely in matter because the Plaintiff has demonstrated all elements required for a Certification of Appeal on the issues presented.

Defendant states that Michigan has held that A Summons is Served by way of Certified Mail with Return Receipt quested See Cardello-Smith v. Cathy M. Garrett, 16th Circuit Court, Macomb County 22-815-CK. Service made by Certified Mail Return Receipt, satisfying Michigan Court Rule 2.105(B)(2).

Plaintiff therefore states that all the elements are in fact present to support an Interlocutory Appeal and simply because the Defendants Disagree with the Plaintiffs Right to seek review of this Matter does not in anyway stop this Plaintiff from seeking this Courts Permission to file an Interlocutory Appeal, which this Plaintiff is doing completely and has done completely.

Defendants Motion to Dismiss is not the only motion pending

5

Deniolilee Lardello-Smith
#226709
E.C.Brooks Corr. Facility
2500 S. Sheridan Drive
Muskegon, MI 49444

Mailed on 1-2-25

Clerks of the Court
U.S. District Court
Theodore Levin U.S. Courthouse
Case Processing Section
231 W. Lafayette Blvd — Room 564
Detroit, MI 48226

US POSTAGE PITNEY BOWES
ZIP 49444 $ 002.87°
0000386111 JAN 07 2025