UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Derrick Lee Cardello-Smith,

                Plaintiff,      Case No. 24-cv-12647

v.                                Judith E. Levy
                                  United States District Judge

Sean Combs,

                                  Mag. Judge Kimberly G. Altman

                Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT [100, 101, 102]**

Before the Court are Plaintiff's Motions for Leave to File an Amended Complaint. (ECF Nos. 100, 101, 102.)

The Court dismissed this case on January 22, 2025. (ECF No. 92.) These motions appear to have been sent before the dismissal of Plaintiff's case. (*See, e.g.*, ECF No. 100, PageID.1796.)

Leave to amend is to be freely granted by the Court "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies

by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007). "Normally, a party seeking an amendment should attach a copy of the amended complaint." *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (citing *Shillman v. United States,* 221 F.3d 1336, 2000 WL 923761, at *6 (6th Cir. 2000) (unpublished table decision)). If a plaintiff fails to attach a copy of a proposed amended complaint, the motion itself must provide the opposing party with notice of the proposed amended complaint's content. *Shillman*, 2000 WL 923761, at *6 (quoting *Moore v. Indiana,* 999 F.2d 1125, 1131 (7th Cir. 1993)).

Plaintiff states that he has recently received mental health care that cured his "[i]nsanity," leading to his discovery of new "acts committed upon the plaintiff" by Defendant and others. (ECF No. 102-1, PageID.1804.) He also states that he has been provided with unspecified "documentation" that Defendant "fraudulently concealed" the assaults they committed against him. (*Id.*) He adds "it will in no way [a]ffect the outcome of the case" to allow Plaintiff to amend the complaint, though he also states it will allow him to meet the statute of limitations for his

claims. (*Id.*) He states that he will send the Court the amended complaint in the future and that this filing is intended to notify the Court of the success of his recent therapeutic treatments. (*Id.* at PageID.1804–1805.)

Plaintiff does not attach a copy of his proposed amended complaint. His motions also do not provide Defendant with notice of the proposed amended complaint's content. They instead offer general, unspecified allegations without mentioning the time or place of any of the alleged conduct or other relevant details. (*See id.* at PageID.1804.) Plaintiff therefore fails to meet the requirements for amending his complaint. *See Shillman*, 2000 WL 923761, at *6.

Accordingly, Plaintiff's Motions for Leave to File an Amended Complaint, (ECF Nos. 100, 101, 102), are DENIED.

IT IS SO ORDERED.

Dated: February 12, 2025        s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                          United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 12, 2025.

                                          s/William Barkholz
                                          Case Manager