## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

DERRICK LEE CARDELLO-SMITH,

               Plaintiff,

      v.

SEAN COMBS,

             Defendant.

Case No. 5:24-cv-12647

Hon. Judith Levy

## DEFENDANT'S RENEWED MOTION FOR SANCTIONS AND TO STRIKE

Defendant, by and through the undersigned counsel, hereby moves, pursuant to this Court's inherent authority, or alternatively the All Writs Act, 28 U.S.C. § 1651, for an Order enjoining Plaintiff from further filings in this District, absent pre-filing clearance and striking Plaintiff's vexatious post-judgment filings. Pursuant to Local Rule 7.1(a)(2)(C), concurrence in the motion has not been sought because the nonmovant is an incarcerated prisoner proceeding pro se.

This Motion is supported by the accompanying Brief.

WHEREFORE, Movant respectfully asks that the Court enjoin Plaintiff from any future filings in this District without the Court's prior leave, and strike Plaintiff's post-judgment filings (ECF Nos. 104, 105, 106, 108, 109, 110, 111, 112, 113, 116, 117) from the record under its inherent power. Mr. Combs further asks that the Court order any future filings by Plaintiff be captioned "Application Pursuant to Court

Order Seeking Leave to File"; attach as an exhibit to that motion a declaration under 28 U.S.C. § 1746 or a sworn affidavit that his filing is not prohibited by the permanent injunction and is not frivolous or made in bad faith; identify and list, as a second exhibit, the full caption of every state and federal case previously filed by or on Plaintiff's behalf, whether dismissed or pending; and provide, as a third exhibit, a copy of the Court's injunctive order. *See Kersh v. Borden Chem., a Div. of Borden, Inc.*, 689 F. Supp. 1442, 1452–53 (E.D. Mich. 1988). Defendant further asks that the Court order that Defendant shall have no obligation to respond to any filing made by Plaintiff against Defendant without Plaintiff first obtaining leave of court for such filing and that Defendant's rights and obligations shall not be affected by any filing made by Plaintiff without Plaintiff first obtaining leave of court for such filing.

Dated:  March 27, 2025                                      Respectfully submitted,

**FINK BRESSACK**

By:    /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)
Calder A.L. Burgam (P87203)
*Attorneys for Defendant*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com
cburgam@finkbressack.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

DERRICK LEE CARDELLO-SMITH,

               Plaintiff,

      v.

SEAN COMBS,

             Defendant.

Case No. 5:24-cv-12647

Hon. Judith Levy

# DEFENDANT'S BRIEF IN SUPPORT
# OF HIS MOTION FOR SANCTIONS AND TO STRIKE

## **STATEMENT OF ISSUES PRESENTED**

1.  Should the Court exercise its inherent authority to enjoin Plaintiff from further filings in this District, absent prior court permission?

> Movant's Answer: Yes.

2.  Should, in the alternative, the Court enjoin Plaintiff from further filings in this District, absent prior court permission, under the All Writs Act, 28 U.S.C. § 1651?

> Movant's Answer: Yes.

3.  Should the Court exercise its inherent authority to strike Plaintiff's post-judgment filings from the docket?

> Movant's Answer: Yes.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

28 U.S.C. § 1651

*Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264 (6th Cir. 1998)

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501 (6th Cir. 2002)

*In re McDonald*, 489 U.S. 180, 184 (1989)

*Ortman v. Thomas*, 906 F. Supp. 416 (E.D. Mich. 1995).

*Sanford v. Standard Fed. Bank*, No. 10-12052, 2011 WL 721314 (E.D. Mich. Feb. 23, 2011)

*Tropf v. Fidelity Nat. Title Ins. Co*., 289 F.3d 929 (6th Cir. 2002)

*Wrenn v. Vanderbilt Univ. Hosp.*, 50 F.3d 11 (6th Cir. 1995)

## INTRODUCTION AND FACTUAL BACKGROUND

Despite dismissal of his action with prejudice and two warnings from this Court that further vexatious filings would result in sanctions, Plaintiff has continued to file duplicative, frivolous, and/or vexatious documents. Because he has demonstrated that he will not heed the Court's warnings, sanctions are required to deter Plaintiff from violating this Court's rules to harass Defendant.

The Court has already found that "Plaintiff has filed duplicative and improper materials in this case." ECF No. 92, PageID.1750. The Court also noted its "concern[] that Plaintiff, when he is the losing party in a case, will resist being bound by the Court's decision and will persist in duplicative or frivolous filing." *Id*. at PageID.1748. The Court therefore "caution[ed] Plaintiff to refrain from duplicative, frivolous, or harassing filings, including…the filing of unnecessary papers on the dockets of cases that have been dismissed." *Id*. at PageID.1749. The Court has warned Plaintiff that "[f]ailure to heed this warning will result in significant pre-filing restrictions being placed on Plaintiff." *Id*. And the Court has already found that "Plaintiff continues to file repetitive and meritless motions in violation of the Court's warnings." ECF No. 107, PageID.1826. Plaintiff has demonstrated that he has no intention of heeding the Court's repeated warnings. An order enjoining Plaintiff from further filings in this District, absent pre-filing clearance, and striking Plaintiff's post-judgment filings, is warranted.

1

Since the Court dismissed Plaintiff's claim with prejudice on January 22, 2025 (ECF No. 92), Plaintiff has filed no fewer than eleven additional documents, all of which are duplicative, frivolous, and/or vexatious. Plaintiff's post-Judgment filings include the following:

- A "notice" of his intent seek reconsideration of the Court's order granting Defendant's Motion to Dismiss (ECF 104).
- Three motions seeking injunctions (ECF Nos. 105, 106, 108), two of which the Court has already determined were moot (ECF No. 107). The later-filed motion (ECF No. 108) is substantially duplicative of one of the motions denied by the Court (ECF No. 106).
- Three documents (ECF Nos. 109, 112, 113) that contain facially-absurd (and obviously forged) "affidavits." Like most of Plaintiff's filings, these documents are duplicative, with all three containing an identical copy of the purported "affidavit" of Andrea Bommarito. *Compare* ECF No. 109, PageID.1834 *with* ECF No. 112, PageID.1845 *and with* ECF No. 113, PageID.1853.
- Two substantially-identical "statements" that Plaintiff's previously-dismissed claim "is not a frivolous claim[.]" ECF Nos. 110, 111.
- Two substantially-identical motions "to vacate order of dismissal with prejudice" (ECF Nos. 116, 117). One which includes as an exhibit another purported "affidavit" of Andrea Bommarito dated "February 29, 2025"—a date that does not exist. ECF No. 117, PageID.1879.

These filings should be stricken from the docket and Plaintiff should be enjoined from further filings in this District, absent prefiling clearance, to prevent the filing of additional duplicative, frivolous, and/or vexatious documents.

## **LEGAL STANDARD**

Courts have inherent power to sanction parties that abuse the judicial process, including by "impos[ing] pre-filing restraints on litigants with a history of filing repetitive, frivolous, or vexatious pleadings" and "requir[ing] those litigants to

2

obtain court approval before filing further pleadings." *Qiu v. Scott Cnty., KY Bd. of Educ.*, No. 23-5842, 2024 WL 4257198, at *2 (6th Cir. Apr. 8, 2024). The imposition of pre-filing restrictions is particularly appropriate where "litigation has been unusually protracted or burdensome, and the losing party simply refuses to [be] bound by the outcome." *Ortman v. Thomas*, 906 F. Supp. 416, 422 (E.D. Mich. 1995). As the Court has noted, courts consider the following factors when determining whether to impose pre-filing requirements:

1.  The litigant's history of litigation and in particular whether it entails vexatious, harassing, or duplicative lawsuits;

2.  The litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing?

3.  Whether the litigant is represented by counsel;

4.  Whether the litigant caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

5.  Whether other sanctions would be adequate to protect the courts and the other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

*Tropf v. Fidelity Nat. Title Ins. Co*., 289 F.3d 929, 940 n. 18 (6th Cir. 2002) (quoting *Ortman*, 906 F. Supp. at 421-22.).

The Court may strike "improvident filings based on its inherent authority to manage its own docket." *Sultaana v. Jerman*, No. 15-cv-382, 2019 WL 6343475, at *5 (N.D. Ohio Nov. 27, 2019) (citing *Am. Civil Liberties Union of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010)). Courts routinely strike duplicative filings. *See*, *e.g.*, *Artis v. Gaines*, No. 22-10537, 2022 WL 22836043, at *1 (E.D. Mich. June 2, 2022). Courts may also strike irrelevant, abusive, or otherwise improper materials from the docket. *Landberg v. Newburgh Heights Police Dep't*, No 17-CV-298, 2018 WL 2899660, at *1 (N.D. Ohio June 11, 2018); S*inomax USA, Inc. v. Am. Signature, Inc.*, No-21-cv-3925, 2023 WL 2752488, at *2 (S.D. Ohio Apr. 3, 2023).

## **ARGUMENT**

## I.   **THE COURT SHOULD IMPOSE A PREFILING RESTRICTION UNDER ITS INHERENT POWER.**

The Court should permanently enjoin Plaintiff from making any future filings without prior leave in this District. Courts have broad discretion to sanction bad faith conduct under their inherent authority, and need not consider whether that conduct could be sanctioned under other potentially applicable rules or statutes before doing so. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 514 & n.11 (6th Cir. 2002) (collecting cases). Indeed, "[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). To

4

the contrary, courts "ha[ve] a duty to protect and preserve the sound and orderly administration of justice," and "frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit." *Lea v. U.S. Dep't of Agric.*, No. 3:21-CV-00468, 2024 WL 3639610, at *4 (M.D. Tenn. Aug. 1, 2024).

This baseless lawsuit is merely the latest example of Plaintiff's proclivity for vexatious litigation. ECF No. 70, PageID.1603-06. Due to Plaintiff's habit of filing baseless litigation, Judge Lawson has barred Plaintiff from proceeding *in forma pauperis* in this District under 28 U.S.C. 1915(g). *Cardello-Smith v. Google LLC*, No. 21-11595, 2021 WL 4894700 at *2 (E.D. Mich. 2022) (dismissing complaint and noting that "plaintiff has at least four prior civil rights complaints that were dismissed by federal courts for being frivolous, malicious, or for failing to state a claim on which relief could be granted."). And, Judge Paul L. Maloney has barred him from proceeding *in forma pauperis* in the Western District of Michigan for the same reason. ECF No. 1, PageID.352. The Court has already determined that most of the elements for the imposition of a pre-filing restriction are met here, finding (1) "Plaintiff has an extensive history that includes cases that were deemed frivolous and duplicative" (ECF No. 92, PageID.1744); (2) "Plaintiff's duplicative lawsuits provide some evidence of improper motive" (*Id.*, PageID.1745); and (4) "Plaintiff has docketed numerous filings in a period of several months…Some of them appear

5

to be fabricated or forged, in addition to being duplicative." (*Id.*, PageID.1746).

Regarding the fifth element, the Court has *twice* warned Plaintiff "to refrain from

duplicative, frivolous, or harassing filings, including…*the filing of unnecessary*

*papers on the docket of cases that have been dismissed*." ECF No. 107, PageID.1826

(emphasis in original). Plaintiff has demonstrated that he has no intention of heeding

the Court's warnings. The Court should now enjoin Plaintiff from any additional

filings in this District, absent pre-filing clearance.

## II.   ALTERNATIVELY, THE COURT SHOULD IMPOSE A PREFILING RESTRICTION UNDER THE ALL WRITS ACT.

For similar reasons, the Court should permanently enjoin Plaintiff from future

filings in this District, in addition or in the alternative, under the All Writs Act. *See*

28 U.S.C. § 1651. Where, as here, a litigant's history of frivolous filings has

"diverted the federal court[s'] attention and resources from those that are brought in

good faith and constitutes an abuse of the legal system," the "court has the authority

to enjoin harassing litigation" going forward under the Act. *Wrenn v. Vanderbilt*

*Univ. Hosp.*, 50 F.3d 11, at *3 (6th Cir. 1995) (unpublished).

On this basis, too, courts routinely bar vexatious *pro se* litigants from future

filings, without the court's prior leave. *See, e.g.*, *Daniels v. Maclaren*, No. 11-cv-

12199, 2024 WL 1307865, at *3 (E.D. Mich. Mar. 27, 2024) (enjoining *pro se*

prisoner plaintiff "[g]iven the high volume and repetitive and frivolous nature of

[p]etitioner's filings"); *Sifuentes v. Midland Cty. 42nd Cir. Ct.*, No. 20-cv-11745,

6

2021 WL 960440, at *2 (E.D. Mich. Mar. 15, 2021) (same, as to *pro se* plaintiff: "Judicial resources will be unnecessarily expended if Plaintiff continues to engage in repetitive filings raising the same claims and arguments"); *Sanford v. Standard Fed. Bank*, No. 10-12052, 2011 WL 721314, at *8 (E.D. Mich. Feb. 23, 2011) (permanently enjoining *pro se* plaintiffs from filing where they had filed six bankruptcy petitions, two federal lawsuits, and three state lawsuits); *Kersh*, 689 F. Supp. at 1451 ("The Court must control [*pro se* plaintiff's] litigation propensity because he cannot control it himself.").

## III.   THE COURT SHOULD STRIKE PLAINTIFF'S POST-JUDGMENT FILINGS FROM THE DOCKET UNDER ITS INHERENT POWER.

Plaintiff has continued to file duplicative and vexatious documents on the docket despite dismissal of this action with prejudice. Plaintiff's actions have forced Defendant to incur additional legal expenses and wasted the Court's resources. *In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitive or frivolous, requires some portion of the institution's limited resources."). These post-judgment filings should be stricken under the Court's inherent authority to deter Plaintiff from additional filings and ensure that Defendant is not required to incur further expenses responding to Plaintiff's filings.

## CONCLUSION

For the foregoing reasons, the Court should permanently enjoin Plaintiff from any future filings in this District without the Court's prior leave, and strike Plaintiff's post-judgment filings (ECF Nos. 104, 105, 106, 108, 109, 110, 111, 112, 113, 116, 117) from the record under its inherent power. Mr. Combs further asks that the Court order any future filings by Plaintiff be captioned "Application Pursuant to Court Order Seeking Leave to File"; attach as an exhibit to that motion a declaration under 28 U.S.C. § 1746 or a sworn affidavit that his filing is not prohibited by the permanent injunction and is not frivolous or made in bad faith; identify and list, as a second exhibit, the full caption of every state and federal case previously filed by or on Plaintiff's behalf, whether dismissed or pending; and provide, as a third exhibit, a copy of the Court's injunctive order. *See Kersh*, 689 F. Supp. at 1452–53. Defendant further asks that the Court order that Defendant shall have no obligation to respond to any filing made by Plaintiff against Defendant without Plaintiff first obtaining leave of court for such filing and that Defendant's rights and obligations shall not be affected by any filing made by Plaintiff without Plaintiff first obtaining leave of court for such filing.

Dated: March 27, 2025

Respectfully submitted,

**FINK BRESSACK**

By:   /s/ David H. Fink
David H. Fink (P28235)

8

Nathan J. Fink (P75185)
David A. Bergh (P83696)
Calder A.L. Burgam (P87203)
*Attorneys for Defendant*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com
cburgam@finkbressack.com