UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DERRICK LEE CARDELLO-SMITH,

               Plaintiff,

      v.

SEAN COMBS,

               Defendant.

Case No. 5:24-cv-12647

Hon. Judith Levy

**<u>DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTIONS TO VACATE ORDER OF DISMISSAL WITH PREJUDICE
[ECF NOS. 116, 117]</u>**

## <u>STATEMENT OF THE ISSUES PRESENTED</u>

1.      Whether Plaintiff has established his entitlement to relief from the Court's dismissal order (ECF No. 92) under Rule 60(b).

Defendant's Answer: No.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 60(b)

*Good v. Ohio Edison Co.*, 149 F.3d 413 (6th Cir. 1998)

*Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448 (6th Cir. 2008)

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010).

Plaintiff seeks relief from the Court's order dismissing his claim with prejudice based on newly discovered "evidence." Plaintiff is not entitled to relief under Rule 60(b) because the new "evidence" he presents to the Court is transparently false. Even assuming that the "evidence" presented were genuine, Plaintiff has failed to demonstrate that it supports relief under Rule 60.

Continuing his pattern of submitting documents to this Court that the Court has observed "appear to be fabricated or forged[,]" (ECF No. 92, PageID.1746) each of the "affidavits" submitted by Plaintiff is facially inauthentic. Each is written in a strikingly similar style, including that each is consistent with Plaintiff's habit of capitalizing random words.[1] The Samuels and Bommarito "affidavits" appear to have been prepared on the same typewriter as Plaintiff's Motion. The Samuels "affidavit" inexplicably contains signature blocks on two different pages. ECF No.

---

[1] For example, compare the second paragraph of Plaintiff's Motion: "Andrea Bommarito, Admits to working for Sean Combs, to frame and lie about Kidnapping and rape Charges against this Plaintiff…" (ECF No. 117, PageID.1869) with the first paragraph of the Rabior "affidavit": "The Police Report I submitted against Derrick Lee Cardello-Smith for Kidnapping and Sexual Assault of Tina Bommarito is False" (*Id.*, PageID.1873); and with the third paragraph of the Samuels "affidavit": "…to Arrest and Frame Derrick Lee Cardello-Smith for Multiple Rapes…" (*Id.*, PageID.1874); and with the ninth paragraph of the Bommarito "affidavit": "…I participated in a Conspiracy with my Sister, and many other people to Frame an Innocent men [sic], Named Derrick Lee Cardello-Smith…" (*Id.*, PageID.1879).

1

117, PageID.1874, 1878.[2] The Rabior "affidavit" was purportedly notarized by a person named Marcus Ashford on March 5, 2025. *Id.*, PageID.1873.[3] Notably, Marcus Ashford appeared on a totally separate filing made by Plaintiff, purportedly notarizing a "receipt" for Plaintiff's claimed $150,000 investment with Defendant more than 28 years earlier on January 3, 1997. ECF No. 76, PageID.1637. And, consistent with the obvious implausibility of all of these documents, the Bommarito "affidavit" is dated "February 29, 2025"—a date that does not exist. ECF No. 117, PageID.1879.

"[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quotation marks omitted). "Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Plaintiff's

---

[2] Suzette Samuels—a Wayne County assistant prosecutor—has submitted a genuine Affidavit, attached hereto as Exhibit 1, in which she states that she did not generate the fabricated affidavit submitted by Plaintiff, did not sign the document, and that the signature on the document is not her signature. She also states that the statements attributed to her in the fabricated affidavit are false. *Id.*.

[3] Nicole (Rabior) Sinistaj has submitted a genuine Affidavit, attached hereto as Exhibit 2, stating that she did not generate the fabricated affidavit submitted by Plaintiff, did not sign the document, that the signature on the document is not hers, and that the statements attributed to her in the document are false. She also states that she has not used the name "Nicole Rabior" since 2012, when she changed her legal name to Nicole Sinistaj. *Id.*

Motion states that relief is sought under Rule 60(b)(2), (b)(3), and (b)(4). Plaintiff has failed to demonstrate his entitlement to relief under any sub-rule.

**Rule 60(b)(2).** "In order to prevail on a Rule 60(b)(2) motion, a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (quotation marks and brackets omitted). Even if Plaintiff's new evidence were genuine (and it obviously is not), Plaintiff has failed to satisfy this standard. The Court dismissed Plaintiff's claim because the statute of limitations had run and Plaintiff had failed to establish his entitlement to tolling because Plaintiff did "not point to any ambiguous statutory language, applicable statutory exceptions or confusing Michigan case law." ECF No. 92, PageID.1735. Plaintiff presents nothing in his Motion to alter that analysis. All of the purported evidence relates to the alleged conspiracy against Plaintiff and supposed threats of retaliation, circumstances which the Court already considered in determining that Plaintiff was not entitled to tolling. *Id.*, PageID.1734.

**Rule 60(b)(3).** This sub-rule "allows a district court to grant relief in cases of 'fraud…, misrepresentation, or misconduct by an opposing party.'" *Info-Hold*, 538 F.3d at 455 (quoting Fed. R. Civ. P. 60(b)(3)). This sub-rule "clearly requires the moving party to show that the adverse party committed a deliberate act that adversely

impacted the fairness of the relevant legal proceeding in question." *Id*. (quotation marks and brackets omitted). Plaintiffs argument regarding Rule 60(b)(3) is limited to the conclusory statement that the "Court has has [sic] Fraud Committed upon it by the defendants[.]" ECF No. 117, PageID.1869. Plaintiff has failed to carry his burden under Rule 60(b)(3).

**Rule 60(b)(4).** This sub-rule "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Plaintiff has failed to carry his burden under Rule 60(b)(4), as he has not even attempted to identify any jurisdictional error or violation of due process.

## CONCLUSION

For the foregoing reasons, Defendant asks that the Court deny Plaintiff's Motions to Vacate Order of Dismissal with Prejudice (ECF Nos. 116, 117) in their entirety.

Respectfully submitted,

Dated:  April 1, 2025

**FINK BRESSACK**

By:    /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)
Calder A.L. Burgam (P87203)
*Counsel for Defendant*

4

38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com
cburgam@finkbressack.com