UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DERRICK LEE CARDELLO-SMITH,

                Plaintiff,

        v.

SEAN COMBS,

                Defendant.

Case No. 5:24-cv-12647

Hon. Judith Levy

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS RENEWED
MOTION FOR SANCTIONS AND TO STRIKE [ECF No. 118]**

Plaintiff's Response to Defendant's Renewed Motion for Sanctions and to Strike (ECF No. 132) (the "Renewed Motion") confirms that the sanctions sought by Defendant are warranted.[1] While Plaintiff's Response contains little substance, it does make clear that Plaintiff intends to keep litigating his claim, in defiance of the Court's Order dismissing his Complaint with prejudice (ECF No. 92). Plaintiff complains that granting Defendant's Motion will be a decision on the merits of his claim and violate his "constitutional right to a jury trial[.]" ECF No. 132, PageID.1956. Obviously, Plaintiff does not have a right to a jury trial on his claim, because the Court has already rendered a decision on the merits in dismissing his Complaint. Nor does Plaintiff have a right to "clog the court up more with pleadings and documents[,]" as he implies he will do in the event the Court imposes pre-filing restrictions. *Id.*, PageID.1956. Plaintiff has not been deterred by the filing of Defendant's Renewed Motion. Since the Renewed Motion was filed on March 28, 2025, Plaintiff has filed an additional 13 documents in this case (motion responses excluded). ECF Nos. 122, 123, 126, 127, 128, 129, 130, 134, 135, 137, 138, 139, 140. All of these documents are frivolous, vexatious and/or duplicative. Each should be stricken from the docket.

---

[1] Defendant acknowledges that the Court recently entered an Order giving Plaintiff a "final warning" regarding the filing of "duplicative, frivolous, fraudulent, or harassing filings." ECF No., 141, PageID.2001.

1

Plaintiff complains that the issues with the affidavits he has filed, as set forth in the Renewed Motion, are the result either of a conspiracy orchestrated by the undersigned to sabotage his outgoing mail, or, perhaps, simply a handwriting error. *Id*., PageID.1958-60. The facial absurdity of the affidavits aside, sanctions are warranted because Plaintiff apparently intends to continue filing documents based on his desire to "ensur[e] that every document in on the record" and his apparent belief that this Court "must decide every motion and issue" before an appeal can be taken. *Id*., PageID.1961. Plaintiff also suggests that the Court should "conduct[] a hearing and allow[] testimony" regarding the veracity of the numerous post-judgment affidavits he has submitted to the Court. *Id*., PageID.1960. Obviously, Plaintiff cannot create an entitlement to a post-judgment evidentiary hearing by clogging the Court's docket with frivolous papers.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully asks that the Court grant his Renewed Motion for Sanctions and to Strike (ECF No. 118) in its entirety.

Respectfully submitted,

Dated:  April 29, 2025

**FINK BRESSACK**

By:   /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)
Calder A.L. Burgam (P87203)
*Attorneys for Defendant*

38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com
cburgam@finkbressack.com