# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Derrick Lee Cardello-Smith,

                 Plaintiff,        Case No. 24-cv-12647

v.

                           Judith E. Levy
                           United States District Judge
Sean Combs,

                           Mag. Judge Kimberly G. Altman

                 Defendant.

_____/

## OPINION AND ORDER GRANTING *AMICI* KYM WORTHY, PATRICIA PENMAN, AND SUZETTE SAMUELS'S MOTION FOR LEAVE TO FILE A BRIEF AMICUS CURIAE [125]

Before the Court is Kym Worthy, Patricia Penman, and Suzette Samuels's Motion for Leave to File a Brief Amicus Curiae ("the Motion"). (ECF No. 125.) They seek to file a proposed amicus brief, (ECF No. 161), in support of Defendant's Renewed Motion for Sanctions and to Strike. (ECF No. 118.)

This case is on limited remand from the Sixth Circuit to resolve "whether the time for filing a notice of appeal should be extended." (ECF No. 159, PageID.2128.) A ruling on that issue will be forthcoming.

Despite the limited nature of that remand, the Court nonetheless has jurisdiction to decide the Motion now pending before the Court. The Sixth Circuit has explained that "the Supreme Court has consistently held that federal courts retain jurisdiction over issues—such as sanctions—that are collateral to the merits." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006). A sanctions issue does not "bear[] on the merits of a case," but instead relates to the Court's power to "command obedience . . . and to deter and punish those who abuse the judicial process." *Id.* The inherent authority to impose sanctions is "ever present." *Id.* Accordingly, the Court may address the Motion.

An amicus curiae is traditionally a non-party that becomes involved in a judicial proceeding to assist a court by providing information. *United States v. State of Mich.*, 940 F.2d 143, 164 (6th Cir. 1991). "Its [initial] purpose was to provide *impartial* information on matters of law about which there was doubt, especially in matters of public interest." *Id.* (emphasis in original) (internal citations omitted). "Over the years, however, some courts have departed from the orthodoxy of amicus curiae as an impartial friend of the court and have recognized a *very limited*

adversary support of given issues through brief and/or oral argument."
*Id.* at 165 (emphasis in original) (internal citations omitted).

"[P]articipation as an amicus to brief and argue as a friend of the
court" is "a privilege within the sound discretion of the courts." *Id.*
(internal quotation marks and citations omitted). The decision to allow
amicus participation "depend[s] upon a finding that the proffered
information of amicus is timely, useful, or otherwise necessary to the
administration of justice." *Id.* (internal citation omitted).

Worthy, Penman, and Samuels seek to file a brief to argue in favor
of sanctions against Plaintiff. (ECF No. 125, PageID.1925.) All three
individuals are named in Plaintiff's filings. (*See, e.g.*, ECF No. 117,
PageID.1873–1878.) They were all previously involved in either
investigating or prosecuting Plaintiff for rape. (ECF No. 161,
PageID.2137.) Worthy, Penman, and Samuels assert that Plaintiff has
filed false accusations and fabricated affidavits, including fabricated
affidavits from Samuels and his victims. (*Id.* at PageID.2135–2137.)

The Court has read and considered the Motion and the proposed
brief and finds that such arguments will be useful to the administration
of justice with respect to Defendant's request for sanctions. Accordingly,

Kym Worthy, Patricia Penman, and Suzette Samuels's Motion for Leave to File a Brief Amicus Curiae is GRANTED. (ECF No. 125.)

IT IS SO ORDERED.

Dated: June 23, 2025                    s/Judith E. Levy
Ann Arbor, Michigan                     JUDITH E. LEVY
                                        United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 23, 2025.

s/Kourtney Collins
KOURTNEY COLLINS
Case Manager

4