# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Derrick Lee Cardello-Smith,

        Plaintiff,        Case No. 24-13459

v.        Judith E. Levy
        United States District Judge

Sean Combs,

        Defendants        Mag. Judge Kimberly G. Altman

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE APPLICATION TO WAIVE APPEAL FILING FEES TO THE COURT OF APPEALS [181]

In an opinion on June 30, 2025, the Court enjoined *pro se* Plaintiff Derrick Lee Cardello-Smith "from filing any new lawsuits or other documents in the Eastern District of Michigan without first seeking and obtaining leave of court." (ECF No. 169, PageID.2280.) Plaintiff filed this motion in response to the June 30, 3035 Opinion and Order and seeks leave to file application to waive appeal filing fees to the Court of Appeals for Case No. 25-01678. (ECF No. 181.) The motion is denied.

Plaintiffs appealing a civil action must pay a filing fee. If plaintiffs are unable to pay the filing fee, they must document their financial need

by completing and submitting a motion for pauper status and an accompanying affidavit to the Court. *See* 28 U.S.C. § 1915(a)(1). This is also referred to as proceeding "*in forma pauperis.*"

Prisoners are not automatically entitled to proceed *in forma pauperis*. District courts can deny them this status under the "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This rule prevents prisoners from filing a series of meritless lawsuits and appeals *in forma pauperis*, with limited exceptions.

The Sixth Circuit has explained that this statute means that "a prisoner litigant with three prior strikes is not entitled to the pauper privileges generally provided by § 1915 and, more specifically, may not use the period payment procedure set forth in § 1915(b)." *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002). Although requiring a prisoner litigant to pay the full filing fee "may be burdensome, it is not unfair." *Id*. at 382.

The purpose of the three-strikes rule is to "provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints—thus taking much valuable time away from other non-frivolous litigation—without any consequence beyond their mere dismissal under § 1915(g)." *Id.* at 382.

As the Court reiterated on November 18, 2024 in a different case filed by Plaintiff, the "three-strikes rule clearly applies to Cardello-Smith, as he has had at least seven civil rights complaints dismissed for being frivolous or malicious or for failing to state a claim. . . . Cardello-Smith also has been made aware that he is a three-striker because he has been denied leave to proceed in forma pauperis as a three-striker on multiple occasions." *Cardello-Smith v. Combs*, No. 24-cv-12737, 2024 U.S. Dist. LEXIS 209149, at *2 (E.D. Mich. Nov. 18, 2024) (citing cases). "Cardello-Smith, therefore, may not proceed without prepaying fees and costs unless he satisfies the imminent-danger exception to the three-strikes rule." (*Id.*) Here, he does not. This is an appeal related to past

3

events, and Plaintiff does not claim to be in imminent danger of serious physical injury.

Accordingly, Plaintiff's motion for leave to file an application to waive appeal filing fees is DENIED.

The Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: September 19, 2025       s/Judith E. Levy
    Ann Arbor, Michigan       JUDITH E. LEVY
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 19, 2025.

                                         s/William Barkholz
                                         WILLIAM BARKHOLZ
                                         Case Manager