## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Derrick Cardello-Smith,

                    Plaintiff,          Case No. 24-12647

v.                                      Judith E. Levy
                                        United States District Judge
Sean Combs,
                                        Mag. Judge Kimberly G. Altman
                    Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS TO VACATE ORDER OF DISMISSAL [116, 117]

Before the Court are Plaintiff's motions to vacate the Court's order of dismissal. (ECF Nos. 116, 117.) For the reasons set forth below, Plaintiff's motions are denied.

### I.    Background

The Court dismissed this case on January 22, 2025. *Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 269167 (E.D. Mich. Jan. 22, 2025). The Court entered judgment in favor of Defendant that same day. (ECF No. 93.)

Plaintiff's motions to vacate were filed on March 18 and 19, 2025. (ECF Nos. 116, 117.) Defendant filed a response on April 1, 2025. (ECF No. 120.)

## II.    Legal Standard

Plaintiff's motions request that the Court's order of dismissal be vacated under Federal Rule of Civil Procedure "60(b)(2)(3)(4)." (ECF No. 116, PageID.1862; ECF No. 117, PageID.1868.)

"Rule 60(b) 'provides a mechanism for seeking post-judgment relief—reopening of a case—for a limited set of circumstances.'" *Lunn v. City of Detroit*, No. 19-13578, 2024 WL 3160311, at *2 (E.D. Mich. June 25, 2024) (quoting *Marcelli v. Walker*, 313 F. App'x 839, 841 (6th Cir. 2009)). Under Rule 60(b), the Court

> may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

2

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Whether to grant relief under Rule 60(b) is in the Court's discretion. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001); *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981) ("The grant of motions made under rule 60(b) is a matter of discretion for the district court."). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). "Relief from a final judgment

3

under Rule 60(b) is an extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000) (internal citation and quotation marks omitted).

## III.  Analysis

Plaintiff does not show that he is entitled to relief under Rule 60(b).[1] Plaintiff appears to seek relief under Rule 60(b)(2), (3), and (4). As such, he must demonstrate that he is entitled to relief from the judgment due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b),"

---

[1] The Court notes that it has jurisdiction to decide Plaintiff's motions. There are three appeals associated with this suit: No. 25-1245, No. 25-1246, and No. 25-1678. Nos. 25-1245 and 25-1246 have been resolved. (ECF Nos. 160, 179.) Plaintiff's third appeal, No. 25-1678, has not been resolved, but pertains to the Court's June 30, 2025 order, which denied Plaintiff's motion to disqualify the undersigned, denied Plaintiff's motions for extension of time to file a notice of appeal, granted Defendant's motion for sanctions, and denied Plaintiff's motion for sanctions. (ECF No. 169.)

"The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Plaintiff's motions to vacate do not involve matters related to his pending appeal. As such, the Court may decide these motions at this time.

"fraud [ ], misrepresentation, or misconduct by an opposing party," or a void judgment. Fed. R. Civ. P. 60(b)(2)–(4).

In his motions, Plaintiff states that the order of dismissal should be vacated because the "Court has ha[d] Fraud Committed upon it by the defendants." (ECF No. 116, PageID.1862; ECF No. 117, PageID.1869.) Plaintiff claims that he obtained affidavits from "Detroit Police Officer Nicole Rabior," "Andrea Bommarito," and "Suzette Samuels, Assistant Wayne County Prosecutor," and that they worked for Defendant and helped place Plaintiff in prison. (ECF No. 117, PageID.1869; ECF No. 116, PageID.1862–1863.) Plaintiff attaches these "affidavits" to his motions. (*Id.* at PageID.1865; ECF No. 117, PageID.1873–1879.)

The Court has serious doubts regarding the validity of these affidavits.[2] (*See*, *e.g.*, ECF Nos. 120-1, 120-2 (Affidavits of Suzette Samuels and Nicole Sinistaj, stating that they did not have any involvement in the affidavits presented by Plaintiff).) Regardless, Plaintiff's request to vacate the judgment fails because he has not

---

[2] "At least one court has held that Plaintiff 'appears to have fabricated evidence.'" *Cardello-Smith*, 2025 WL 269167, at *6 (quoting *Smith v. Burk*, 19-cv-1018, 2022 WL 4395911, at *2 (W.D. Mich. Sep. 22, 2022)). Plaintiff has previously filed "evidence" in this case that "appear[s] to be fabricated or forged." *Id.* at *7.

demonstrated that the existence of the affidavits would have had a material impact on the outcome of the case.

In its order of dismissal, the Court determined that Plaintiff's claim must be dismissed with prejudice because it "is barred by the applicable Michigan statute of limitations." *Cardello-Smith*, 2025 WL 269167, at *4. Plaintiff is not entitled to relief under Rule 60(b)(2) because the existence of evidence has no applicability to a claim barred by a statute of limitations. *See JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 584–85 (6th Cir. 2014) (stating that Rule 60(b)(2) requires a showing that the evidence "clearly would have produced a different result if presented before the original judgment").

Similarly, Plaintiff is not entitled to relief under Rule 60(b)(3). Plaintiff does not explain the nature of the "fraud" he has identified or how it has "adversely impacted the fairness of the relevant legal proceeding [in] question." *Info-Hold, Inc.*, 538 F.3d at 455 (quoting *Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, at *9 (6th Cir. Sept. 17, 1996)). Again, the Court's analysis of the relevant statute of limitations is not affected by these affidavits.

6

Finally, Plaintiff does not identify issues with the judgment that satisfy Rule 60(b)(4). A judgment is void under Rule 60(b)(4) if it "is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Plaintiff does not demonstrate that either situation is relevant here. As such, Plaintiff's motions must be denied.

## IV.   Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motions to vacate the Court's order of dismissal. (ECF Nos. 116, 117.)

IT IS SO ORDERED.

Dated: January 13, 2026            s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2026.

                                  s/William Barkholz
                                  WILLIAM BARKHOLZ
                                  Case Manager